In re AMERICAN FABRICATORS, INC., d/b/a Buffalo Tank Corporation of Florida, Debtor.

Charles W. GRANT, Trustee, Plaintiff,

v.

FLORIDA POWER CORPORATION, Whitlock Industrial Painting Co., Inc., A & A Welding & Fabrication, Inc., and, Tri State Contractors of Florida, Inc., Defendants.

Bankruptcy No. 94–62–BKC–3P7.
Adv. No. 95–86.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 4, 1996.

Eric S. Kolar, Jacksonville, Florida, for Whitlock Industrial, Inc.

Robert Perry of the Law Offices of Ronald Bergwerk, Jacksonville, Florida, for trustee.

Gary M. Schaaf of Carter, Stain, Ford, Schaaf & Towzey, St. Petersberg, Florida, for Florida Power Corp.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon complaint to recover property of the estate pursuant to 11 U.S.C. § 542(b); to determine extent, validity and priority of lien; and objections to claims 13, 14 and 46. A trial was held on March 6, 1996. Upon the evidence presented, the Court enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On October 20, 1992, American Fabricators, Incorporated d/b/a Buffalo Tank Corporation ("Debtor") entered into a contract with Florida Power Corporation ("FPC") to construct a storage tank on FPC's leasehold property. (FPC Ex. 1).

2. Debtor subcontracted the welding and painting portion of the work to A & A Welding & Fabrication, Incorporated ("A & A"). (Trustee's Brief at 1). On July 19, 1993, A & A subcontracted the painting and sandblasting portion of the work to Whitlock Industrial Painting, Company ("Whitlock"). (*Id.*). Debtor also subcontracted portions of the work to Tri–State Contractors of Florida, Incorporated ("Tri–State"). The controversy in this proceeding stems from the amount of money that is owed to sub-subcontractor Whitlock pursuant to the "A & A—Whitlock" contract.

3. On January 6, 1994, an involuntary petition was filed against Debtor under Chapter 7 of the Bankruptcy Code and relief was ordered. (Main Case Rec. at 1). Plaintiff Charles W. Grant ("Trustee") was appointed trustee on August 19, 1994.

4. FPC owed Debtor $95,985.20 for work Debtor completed pursuant the Debtor–FPC contract ("the general contract"). (Adv.Rec. 1). FPC retains possession of the $95,985.02 ("the funds"). FPC paid A & A $7,320.00 and Tri–State $6,556.00 from the funds. (FPC Ex. 3). Pursuant to this Court's Order of January 19, 1996, Whitlock was paid $14,756.15 in principal and interest. (*Id.*). The funds FPC currently has on hand total $67,343.05. (FPC's Brief at 1).

5. On March 15, 1995, Trustee filed this adversary proceeding naming FPC, Whitlock, A & A and Tri-state as defendants. (Adv.Rec. 1). Count I of the complaint seeks a turnover of the funds as property of the estate pursuant to 11 U.S.C. § 542(b). (Adv. Rec. 1). Count II of the complaint seeks a determination of the amount and validity of Whitlock's lien or other interest in the funds. (*Id.*).

6. Counts III and IV of the complaint are moot for purposes of resolving this proceeding because stipulations of dismissals were filed dismissing defendants A & A and Tri–State. (Adv.Rec. 55–56).

7. In Counts V and VI of the complaint, the Trustee objects to Whitlock's claim 13, a general unsecured claim in the amount of $21,450.00 and Whitlock's claim 14 for $15,905.54, a claim secured under Florida's Mechanics' Lien law.

8. Throughout the proceeding, the parties have not addressed claim 13. Claim 14 in the amount of $15,905.54 consists of $12,106.00, the principal amount owed to Whitlock by Debtor, and $3,799.54 for extras. (Claim file 14). This sum of $15,905.54 arose from the Claim of Lien Whitlock filed against FPC on September 15, 1993, in Alachua County, Florida. (Whitlock Ex. 16). Whitlock has received payment for the $12,106.00 principal, together with $2,650.15 in interest. The remaining dispute in this proceeding concerns the $3,799.54 portion of Whitlock's Claim of Lien, and entitlement to attorneys' fees, costs and interest.

9. Count VII of the complaint objects to claim 46 filed by FPC for $59,355.93 for estimated breach of contract damages, representing the potential liability FPC could face because Debtor failed to pay subcontractors. (Claim file 46). The amount of FPC's claim has since been reduced, and FPC is now claiming $28,427.72 in attorneys' fees for breach of contract and set-off damages. (Adv.Rec. 78, 87).

10. Whitlock answered the complaint asserting affirmative defenses, a counterclaim and a crossclaim. Whitlock contends that it holds a priority interest in the funds. (Adv. Rec. 5). In its counterclaim and crossclaim Whitlock alleges that Debtor breached its contract with FPC by failing to pay all subcontractors timely. (*Id.*). Whitlock argues that it has a perfected construction lien claim against FPC's property, and therefore, has superior rights to funds FPC owes Debtor in the amount of its Claim of Lien. (*Id.*).

11. On November 15, 1995, Whitlock amended its counterclaim and crossclaim asserting that the $3,799.54 portion of its Claim of Lien is a valid lien pursuant to Florida's mechanics' lien law. (Adv.Rec. 27). Trustee moved for dismissal of Whitlock's counter-

claim pursuant to FRCP 12(b)(6) and Fed. R.Bankr. 7012. (Adv.Rec. 8). This Court however found that the Trustee did not meet his burden in proving insufficiency of Whitlock's counterclaim, and denied Trustee's Motion to Dismiss Whitlock's Counterclaim. (Adv.Rec. 18).

12. FPC answered the Trustee's complaint, asserting that Debtor failed to provide FPC with Contractor's Final Affidavit as required under Fla.Stat. § 713.06(3)(d), and which is a condition precedent to distribution of final payment pursuant to the contract. (Adv.Rec. 6). Also, in answering Whitlock's crossclaim, FPC asserts as an affirmative defense that it is not required to pay attorneys' fees, costs and interest associated with Whitlock's enforcement of its lien rights. (Adv.Rec. 24).

13. On December 1, 1995, Whitlock moved for summary judgment on its crossclaim against FPC and partial summary judgment on Counts I and II of Trustee's complaint. (Adv.Rec. 32). FPC also moved for summary judgment seeking set-off, attorneys' fees, and sought to deposit the funds it holds into the Court's registry. (Rec. 34). Trustee moved for partial summary judgment on the issue of whether Whitlock can obtain a construction lien on the $3,799.54 portion of its Claim of Lien. (Adv.Rec. 38). On January 19, 1996, this Court issued an Order denying both Trustee's motion for summary judgment and defendant FPC's motion for partial summary judgment. (Adv. Rec. 51). The Order also denied in part and granted in part defendant Whitlock's motion for summary judgment, directing FPC to pay Whitlock $14,756.15 out of the funds. (*Id.*). The $14,756.15 amount paid to Whitlock consists of the $12,106.00 portion of its Claim of Lien and $2,650.15 in interest for the periods up to August 10, 1995. (Trustee Ex. 9).

14. On January 19, 1996, Whitlock served FPC and Trustee with Request for Admissions, which was filed with the Court on January 21, 1996. (Adv.Rec. 53). FPC timely responded to Whitlock's request for admissions on February 2, 1996. (Adv.Rec. 54). However, this Court entered an Order Striking Trustee's Response to Whitlock's Request for Admissions. (Adv.Rec. 71).

15. The trial was held on March 6, 1996. The parties subsequently submitted briefs outlining their arguments.

16. The Trustee argues that the $3,799.54 portion of Whitlock's Claim of Lien is not lienable under Florida's mechanics' lien law. (Adv.Rec. 72). Trustee argues that Florida Statute section 713.05 requires that work must be performed for the charges to fall within the parameters of the construction lien law. (*Id.*). Trustee, however, concedes that defendant Whitlock may be entitled to some attorney's fees, but not the $30,723.00 amount requested because Whitlock's attorneys advised the client not to accept a settlement offer and chose to prolong this litigation. (*Id.*). Trustee also seeks attorneys' fees of $8,863.00 for 74.4 hours of work. (*Id.*).

17. Whitlock argues that the $3,779.54 portion of its Claim of Lien is for extra work performed as a part of the original A & A–Whitlock contract, and was approved and accepted by FPC's representatives. (Adv. Rec. 74). Whitlock also asserts that it is entitled to prejudgment interest on the total $15,905.54 amount of the construction lien. (*Id.*).

18. Whitlock further argues that it is entitled to attorneys' fees and costs because it is the prevailing party under Florida law on the construction lien claim, and it is mandatory that the "prevailing party" is granted attorneys' fees pursuant under Florida Statute § 713.29. (*Id.*).

19. FPC argues that it too is entitled to attorneys' fees for breach of contract and set-off damages. (Adv.Rec. 76). FPC takes the position that, because Debtor failed to submit a Contractor's Final Affidavit and pay its subcontractors, FPC was forced to defend the lien action and Whitlock's crossclaim at substantial cost. (*Id.*). FPC also contends that Whitlock's and Trustee's claim are payable, if at all, from the funds. (*Id.*). FPC further argues that the only issue in this proceeding is whether Whitlock is entitled to the $3,799.54 portion of its Claim of Lien and attorneys' fees, costs and interest in the amount of $30,723.00, and this dispute is solely between Trustee and Whitlock. (*Id.*).

20. Trustee, however, argues that FPC is not entitled to attorneys' fees as breach of contract and set-off damages because fees incurred by FPC is a business expense, and an award of fees to FPC would diminish the funds. (Adv.Rec. 72).

21. FPC offered to settle the Whitlock's claim for $22,872.18 as of February 20, 1995, inclusive of attorneys' fees, costs and interests. (Whitlock Ex. 8). On May 4, 1995, the Trustee made an offer of judgment in full settlement of the claim for Whitlock of $15,-106.00 inclusive of attorneys' fees, but exclusive of statutory interest and taxable costs. (Trustee Ex. 4). On August 3, 1995, Trustee, on behalf of Debtor, submitted a Contractor's Final Affidavit, which did not include the $3,799.54 of Whitlock's Claim of Lien. (Trustee Ex. 9). In a letter to the Trustee's attorney dated January 19, 1996, Whitlock made a settlement offer in the amount of $27,500.00. (Whitlock's Ex. 12). On March 6, 1996 FPC stipulated that Whitlock holds a valid and perfected construction lien against FPC's property in the amount of $15,905.54, the full amount of Whitlock's Claim of Lien. (Whitlock Ex. 14).

### CONCLUSIONS OF LAW

This proceeding seeks to resolve the issues of Whitlock's entitlement to the $3,799.54 portion of its $15,905.54 Claim of Lien; Whitlock's request for attorneys' fees, costs and prejudgment interest; FPC's request for damages in the form of attorneys' fees for Debtor's alleged breach of contract and set-off; and Trustee's action for turnover and request for attorneys' fees. The Court will address each issue.

### I. The $3,799.54 Portion of Whitlock's Claim of Lien

■ Although FPC has stipulated that Whitlock has a valid perfected mechanics' lien against its property for the $3,799.54 portion of Whitlock's $15,905.54 Claim of Lien, the Trustee nevertheless contends these charges are not lienable extras under Florida's construction lien law. Section 713.01(10) of the Florida Statute defines "extras" as "labor, services or materials for improving real property authorized by the owner and added to or deleted from labor, services or materials covered by a previous contract between the same parties." Fla. Stat. § 713.01(10) (1996). The test for determining whether extras are lienable under Florida's mechanics' lien law is whether work was performed (i) in good faith; (ii) within a reasonable time; (iii) pursuant to the terms of the contract; and (iv) is necessary to finish the job. *Swedroe v. First American Inv. Corp.*, 565 So.2d 349, 353 (Fla.Dist.Ct.App.1990) (citing *Century Trust Co. of Baltimore v. Allison Realty Co., et al.*, 105 Fla. 456, 468, 141 So. 612, 612 (1932)).

■ In this proceeding, the Trustee challenges the validity of Whitlock's lien for $3,799.54 on the grounds that these charges are not lienable because no work was actually performed. The charges are for hours Whitlock's workers lost due to equipment failure; use of a air compressor; and freight to replace a damaged compressor. (Whitlock's Ex. 18, at 16–23). The Court concludes that Whitlock should be compensated for hours lost due to equipment failure because those hours represent a loss incurred that may have deprived Whitlock of other employment or contractual opportunities. Further, services actually provided pursuant to the "A & A—Whitlock" contract were done in good faith, within a reasonable time, pursuant to the terms of the contract, and were necessary to finish the job. Moreover, FPC consented to the extra charges. Therefore, Whitlock has a valid mechanics' lien for the $3,799.54 portion of its Claim of Lien, and is entitled to be paid this amount from the funds.

### II. Whitlock's Request for Attorneys' Fees, Costs, and Prejudgment Interest

The Court now turns to Whitlock's request for attorneys' fees, costs, and prejudgment interest. Whitlock seeks the total sum of $36,614.77 from the funds, and amount sought include $30,723.00 for attorneys' fees, $543.50 for costs, and prejudgment interest of $1,548.73. (Whitlock's Brief at 24). The Court will first address the issue of attorneys' fees and costs.

### a. Attorneys' Fees and Costs

 Whitlock contends that it is entitled to attorneys' fees because it is the prevailing party in the mechanics' lien claim. To obtain attorneys' fees and costs in a mechanics' lien claim, section 713.29 of the Florida Statutes provides that:

> [T]he prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.

Fla.Stat. § 713.29 (1995). The "prevailing party" is the litigant who has recovered an amount exceeding that which was earlier offered in settlement of the claim. *C.U. Associates, Inc. v. R.B. Grove, Inc.*, 472 So.2d 1177, 1179 (Fla.1985). The offering party has the burden to show that the offer was in fact made, and made in good faith. *Id.* The purpose of this rule is to encourage settlement of disputes before the parties resort to litigation and discouraging dilatory or obstructive tactics. *Id.* at 1179. Under section 713.29, the Bankruptcy Court must factually determine whether a bona fide settlement offer was made and unequivocally refused. *Miscott Corp. v. Zaremba Walden Co.*, 848 F.2d 1190, 1192 (11th Cir.1988). Thus, the Court must therefore determine if Whitlock will recover the amount in excess of the amount earlier offered in settlement of the claim.

 The mechanics' lien claim in this proceeding is essentially the Trustee seeking a determination regarding the validity of the $3,799.54 portion of Whitlock's Claim of Lien against the funds FPC holds for Debtor. (Whitlock Ex. 16). On March 6, 1996, FPC stipulated that Whitlock holds a valid and perfected construction lien against FPC's property in the amount of $15,905.54, the full amount of Whitlock's Claim of Lien. (Whitlock Ex. 14). However, prior to the stipulation, in a letter to the attorney for the Trustee, FPC offered to settle Whitlock's claim for $22,872.18 as of February 20, 1995, inclusive of attorneys' fees, costs and interests. (Whitlock Ex. 8). The Trustee, on May 4, 1995, made an offer of judgment for $15,-106.00 inclusive of attorneys' fees, but exclusive of statutory interest and costs. (Trustee Ex. 4). In letter to the Trustee's attorney dated January 19, 1996, Whitlock made a settlement offer in the amount of $27,500.00. (Whitlock's Ex. 12). The Court concludes that bona fide settlement offers were made among the parties and were unequivocally refused. At the conclusion of this proceeding, Whitlock's recovery will consist of the full amount of its construction lien claim, attorneys' fees, costs and prejudgment interest, totalling over $27,500.00, including amounts recovered in order granting partial summary judgment. Therefore, Whitlock is the prevailing party because it will recover an amount exceeding that which was earlier offered in settlement of the claim. The Court now turns the amount of attorneys' fees Whitlock should be awarded.

 Bankruptcy judges have a wide latitude in determining the amount of attorneys' fees to be awarded for services performed in connection with a bankruptcy proceeding, but must employ requisite standards and procedures in awarding attorneys' fees. *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of Am.)*, 544 F.2d 1291, 1298 (5th Cir.1977).[1] To determine the *amount* of compensation awarded, the court should consider the following twelve factors:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or other circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

---

1. Fifth Circuit decisions before 1981 are binding precedent in the Eleventh Circuit.

(11) The nature and length of the professional relationship with the client;

(12) Awards in similar cases.

*American Benefit Life Ins. Co.*, 544 F.2d at 1298–99 (noting that these factors are useful when awarding attorneys' fees authorized by statute). The judge should employ the following procedure when applying these factors:

(1) Determine the nature and extent of services provided by the attorney;

(2) Assess the value of those services; and

(3) Explain the basis of the award.

*Neville v. Eufaula Bank & Trust Co. (In re U.S. Golf Corp.)*, 639 F.2d 1197, 1201 (5th Cir.1981).

■ The nature of the services provided by Whitlock's attorneys involved negotiations of settlements during and prior to the commencement of the main case and this proceeding and representation of Whitlock throughout this proceeding. The extent of the legal services provided to Whitlock include, but are not limited to, review of the complaint, filing of answer asserting affirmative defenses, crossclaim and counterclaim, legal research, preparing and defending summary judgment motion, telephone conferences with FPC and Trustee's attorneys, preparing affidavits and stipulations and representing Whitlock at trial. (Whitlock Ex. 19).

In assessing the value of Whitlock's attorneys' services, the Court considers expert testimonies given at trial and affidavits submitted by the parties regarding reasonable and customary attorneys' fees. Although Whitlock's attorneys represented their client in a competent manner, the request for $30,-723.00 in attorneys' fees is excessive and should be reduced. The Court concludes that the reasonable amount of attorneys' fees and costs that should be award to Whitlock's attorneys should be $18,489.00 in fees and $303.00 in costs.

In explaining the basis of this award of attorney's fees and costs, the Court examines the billing records and affidavits submitted by Whitlock's attorneys. The billing records show that the attorneys and paralegals rendered 250 hours of professional services to Whitlock for fees totalling $28,697.50:

| | Hours | Billing Rate | Amount |
|---|---|---|---|
| T. Geoffrey Heekin | 42.8 | $165.00 | $ 7,062.00 |
| Eric S. Kolar | 202.9 | $105.00 | $21,304.50 |
| Charles S. McCall | 1.3 | $105.00 | $ 136.50 |
| Paralegals | 3.0 | $ 65.00 | $ 195.00 |
| TOTAL | 250.0 | | $28,698.00 |

(Whitlock Ex. 19; Whitlock's Second Amended Second Aff., Ex. A). The Court awards Whitlock attorneys' fees as follows:

| | Hours | Billing Rate | Amount |
|---|---|---|---|
| T. Geoffrey Heekin | 27.8 | $165.00 | $ 4,587.00 |
| Eric S. Kolar | 132.4 | $105.00 | $13,902.00 |
| Charles S. McCall | 0 | $105.00 | $ 0.00 |
| Paralegals | 0 | $ 65.00 | $ 0.00 |
| TOTAL | 160.5 | | $18,489.00 |

The attached exhibit "1" shows the hours that are included in Whitlock's award of attorneys' fees. The letter "A" placed at right side of each page of exhibit "1" shows the hours that are included in the amount of attorneys' fees awarded. Hours that are left blank were not included in the award of attorneys' fees.

■ Whitlock also submitted a costs summary totaling $543.50 in costs. (Whitlock Ex. 20). The Court concludes that only $303.00 for the services of an abstract company and a title company should be awarded, and is directly related to this adversary proceeding. Other itemizations shown on the costs summary are associated with the state court case, the filing fees for the state court case, and the filing fees motion for relief from the automatic stay. (*Id.*).

The Court concludes that this is a simple complaint for turnover of property of the estate. The 250 hours of time and labor expended on this case were beyond the scope of what was actually needed. The use of two lawyers was unnecessary. The initial amount in controversy was only $15,905.54, and ultimately only $3,799.54 was actually disputed. This proceeding presents no novel or difficult questions. No special expertise was required to perform the required legal services. Attorneys were not precluded from taking on other cases due to the acceptance of this case. For these reasons, the Court concludes that the amount of attorneys' fees and costs that should be awarded to Whitlock's attorneys should be limited to $18,-489.00 in attorneys' fees and $303.00 in costs, payable from the funds FPC holds for Debt-

or. The Court now turns to the issue of prejudgment interest.

### b. Prejudgment Interest

■ The Florida Supreme Court has held that prejudgment interest on principal owed on a mechanics' lien claim can be awarded if it is shown that the amount owed was wrongfully withheld under the law. *Florida Steel Corp. v. Adaptable Dev., Inc.*, 503 So.2d 1232, 1236 (Fla.1986). Money owed is wrongfully withheld if it is determined that the amount owed should have been paid. *Id.* at 1237.

■ In this proceeding, Whitlock's Claim of Lien for $15,905.54 should have been paid. Whitlock is therefore entitled to the interest on the principal amount of the mechanics' lien claim. Whitlock should therefore be awarded the $1,548.73 prejudgment interest it requested.

### III. FPC's Request For Breach of Contract Damages

■ FPC argues that it should receive $28,427.72 in attorneys' fees for breach of contract and set-off damages.[2] FPC asserts that the Trustee admits Debtor breached the general contract because certain facts are deemed admitted by the Trustee as a result of this Court's striking of Trustee's Response to Whitlock's Request for Admission. This Court has held that central facts in dispute are not deemed admitted. *See Whitaker v. Belt Concepts of Am., Inc. (In re Olympia Holding, Inc.)*, 189 B.R. 846, 853 (Bankr.M.D.Fla.1995) (citing *Pickens v. Equitable Life Assur. Soc'y of the U.S.*, 413 F.2d 1390, 1393 (5th Cir.1969)). Whether

Debtor has breached the general contract is a central fact in dispute and is not deemed admitted by Trustee. Therefore, FPC cannot rely solely on the Trustee's deemed admissions to prove that Debtor breached the general contract, and that actual damages resulted.

■ Pursuant to the terms of the general contract, Debtor agreed to abide by all applicable laws of the State of Florida. (FPC Ex. 1, ¶ 20). Section 713.06(3)(d)(1) provides, in part, that:

> (d) When final payment under a direct contract becomes due to the contractor:
>
> 1. The contractor shall give to the owner an affidavit stating ... the amount due.... The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this Chapter....

Fla.Stat. § 713.06(3)(d)(1) (1995). This adversary proceeding commenced on March 15, 1995, and a Contractor's Final Affidavit was filed on August 3, 1995. (Adv.Rec. 1; Trustee Ex. 9). Much of this litigation could have been avoided had FPC received a Contractor's Final Affidavit timely, allowing it to disburse funds to subcontractors that Debtor owed money. Therefore, Debtor breached the contract by failing to file a timely Contractor's Final Affidavit in accordance with Florida's mechanics' lien statute.

■ In proving damages, FPC asserts that Debtor's breach of contract resulted in the company incurring $28,427.72 in attorneys' fees. The Eleventh Circuit addresses

---

**2.** Although FPC's argument for set-off damages in the form of attorneys' fees was somewhat muddled, its trial brief points the Court's attention to the indemnification language in the general contract to support an award of set-off damages. (FPC's Brief at 9). The general contract provides that: "The Contractor [Debtor] shall indemnify and save harmless, the Corporation from all claims by the subcontractors, laborers and materialmen of the Contractor for labor and material furnished under this Contract." (FPC Ex. 1). The Contract further states that if Debtor fails to provide FPC with evidence that all persons owed money have been paid, "an amount will be retained from money due the Contractor ... to liquidate the claims." (*Id.*). Contracts, under Florida law, are construed according to

their own clear and unambiguous terms. *Cueto v. John Allmand Boats, Inc.*, 334 So.2d 30, 32 (Fla.Dist.Ct.App.1976) *cert. denied*, 341 So.2d 290 (Fla.1976).

According to the general contract's own clear and unambiguous terms, the contract simply allows FPC to pay subcontractors from the funds due the general contractor. Funds FPC paid out to subcontractors are not from FPC's personal account, but from funds owed to Debtor. To allow FPC to obtain set-off for funds paid from monies owed to Debtor would be tantamount to FPC retaining Debtor's services at a discounted rate. Therefore, FPC is not entitled set-off based on the indemnification language in the general contract because it suffered no out-of-pocket loss.

the issue of awarding attorneys' fees in an interpleader action in *Chase Manhattan Bank v. Mandalay Shores Co-op. Hous. Ass'n, Inc. (In re Mandalay Shores Co-op. Hous. Ass'n, Inc.)*, 21 F.3d 380, 383 (11th Cir.1994) *remanded,* 191 B.R. 229 (M.D.Fla. 1995). The Court of Appeals suggests three reasons that justify attorneys' fees in an interpleader actions are:

(1) An interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than a piece-meal litigation;

(2) The stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants; and

(3) Fees for the stake holder typically are quite minor and therefore do not greatly diminish the value of the asset.

*Id.* However, attorneys' fees are not justified when "a stakeholder's interpleader claim arises out of the normal course of business." *Id.*

■ In this proceeding, granting FPC attorneys' fees is justified. Being a named defendant in a bankruptcy proceeding is not an ordinary component FPC's business. This interpleader action yielded a cost-efficient resolution of this proceeding because separate proceedings against each defendant was avoided. However, the fees requested by FPC are not minor, and would materially diminish the funds. Therefore, utilizing the principles outlined in *American Benefit Life Ins., Co.,* 544 F.2d at 1298–99 and *Neville,* 639 F.2d at 1201, the Court concludes that reasonable attorneys' fees for FPC is $13,-682.44. This amount should be paid from the funds FPC currently holds for Debtor.

The Court turns to affidavits and billings records submitted by FPC in explaining its award of attorneys' fees. FPC's billing record shows legal services rendered were as follows:

| | Hours | Billing Rate | Amount |
|---|---|---|---|
| Gary M. Schaaf | 166.1 | $135.00 | $22,423.50 |
| Henry A. Stein | 19.7 | $200.00 | $ 3,940.00 |
| Victoria H. Carter | 1.1 | $180.00 | $ 198.00 |
| Sub–Total | 196.1 | | $26,561.50 |
| Disbursements made by Firm | | | + $ 1,856.22 |
| Total | | | $28,417.72 |

(Adv.Rec. 77, 78, Ex. A). The Court awards FPC attorneys' fees as follows:

| | Hours | Billing Rate | Amount |
|---|---|---|---|
| Gary M. Schaaf | 74.5 | $135.00 | $10,057.50 |
| Henry A. Stein | 11.5 | $200.00 | $ 2,300.00 |
| Victoria H. Carter | .5 | $180.00 | $ 90.00 |
| Sub–Total | 86.5 | | $12,447.50 |
| Disbursements made by Firm | | | + $ 1,234.94 |
| Total | | | $13,682.44 |

The attached exhibit "2" shows the hours that are included in FPC's award of attorneys' fees. The letter "A" placed at right side of each page of exhibit "2" indicates the time included in the amount of attorneys' fees awarded. Hours that are left blank were not included in the award of attorneys' fees. Finally, the Court turns to the issues of turnover of property of the estate along with Trustee's request for attorneys' fees.

## IV. Turnover of Funds to the Trustee & Request for Attorneys' Fees

■ Pursuant to 11 U.S.C. § 542(b), the trustee seeks the turnover of funds FPC currently holds and is owed to Debtor. Section 542(b) states, in part, that:

[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or an order of, the trustee . . .

11 U.S.C. § 542(b). FPC currently holds $67,343.05 as final payment to Debtor under the general contract between FPC and Debtor for construction improvements to FPC's leasehold property. This amount is property of estate. After Whitlock is paid $24,140.27 for attorneys' fees, costs, interests and lienable extras, and FPC retains $13,682.44 for attorneys' fees, the remaining sum of $29,-520.34 should be turned over to the Trustee for the benefit of the estate pursuant to section 542(b) of the Bankruptcy Code.

■ Trustee also requested $8,363.00 in attorneys' fees. (Trustee Ex. 12). The Court finds that no payment of attorneys' fees should be awarded at this time. However, Trustee's attorney may seek attorneys' fees at the closing of the estate.

### CONCLUSION

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

**EXHIBIT "1" TO FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The letter "A" denotes the hours that are included in the award of attorneys' fees.

PRIVILEGED AND CONFIDENTIAL
FOR SETTLEMENT PURPOSES ONLY

Kirschner, Main, Petrie, Graham, Tanner & Demont
Post Office Box 1559
Jacksonville, Florida 32201–1559

March 14, 1995

INVOICE #W1000

Ms. Kathryn Whitlock
Whitlock Industrial Painting Co., Inc.
830 River Country Estates
Glen St. Mary, FL 32040

RE: Whitlock v. State of Florida, et al.

Professional Services Rendered
Through 3/14/95

FEES:

| | | | |
|---|---|---|---|
| Sep.–16–93 | Extended conference with client regarding factual and legal issues involved in dispute with FPL; review contract, changes orders and other documents provided by client; review Chapter 713 regarding ability to obtain contract and information regarding retainage; prepare demand for copy of contract and statement of account to FPL; prepare and finalize claim of lien; letter to Clerk of Alachua County Court regarding filing of claim of lien. | 2.60 | TGH **A** |
| Nov–17–93 | Receive and review letter from client regarding contact with FPL inspector; telephone calls to Ms. Whitlock regarding contact by FPL, case status and prospects for payment. | 0.50 | TGH |
| Nov–18–93 | Telephone call from Ms. Whitlock regarding demand for statement of account received from FPL; receive and review FPL November 15, 1993 correspondence; telephone call to Ms. Whitlock regarding nature, scope and extent of response required. | 0.50 | TGH |
| Nov–24–93 | Receive and review documents from Ms. Whitlock responsive to FPL's request for information and documentation; telephone call to Ms. Whitlock regarding additional documents available and/or required. | 0.40 | TGH |
| Nov–29–93 | Assemble documents; prepare response and demand letter to FPL pursuant to FPL's request for information and documentation. | 0.60 | TGH **A** |
| Dec–02–93 | Telephone call to Mr. Gallagher at FPL regarding claims package and Whitlock's response to FPL's demand letter. | 0.30 | TGH **A** |

| | | | |
|---|---|---|---|
| Dec–15–93 | Extended telephone call Ms. Whitlock regarding status of negotiations with FPL, response of FPL to recent submission and case status generally. | 0.30 | TGH |
| Jan–17–94 | Telephone call from Ms. Whitlock regarding status of FPL negotiations and disputes. | 0.20 | TGH |
| Feb–03–94 | Letter to Mr. Gallagher at FPL regarding status of FPL's analysis of Whitlock's documents and of FPL's intention to settle Whitlock claim. | 0.30 | TGH **A** |
| Feb–24–94 | Telephone call from Ms. Whitlock regarding any response by FPL to recent correspondence, case status and necessity of filing suit to preserve lien rights. | 0.20 | TGH |
| Mar–18–94 | Research elements of quantum meruit; research Whitlock's ability to claim quantum meruit claim against parties in privity and parties not in privity vis-a-via mechanic's lien statute. | 2.30 | TGH **A** |
| Apr–8–94 | Research ability to assert oral contract count versus written contract count regarding factual scenario where unsigned proposal and changes orders are submitted, and parties act upon proposals as if they are the contract between the parties; research existence of written versus oral contract under the scenario presented in FPL case. | 1.80 | TGH **A** |
| Apr–28–94 | Begin drafting of four count complaint against State of Florida, FPL and A & A Welding. | 1.30 | TGH **A** |
| Apr–28–94 | Revise and finalize proposed four count complaint against all parties; prepare notice of lis pendens; dictate letter to Kathryn Whitlock regarding case status, necessity of filing complaint, review of proposed complaint; prepare civil cover sheet; prepare summons and make arrangements for filing and service of process. | 2.60 | TGH **A** |
| May–11–94 | Prepare, revise and finalize interrogatories and requests for production to State of Florida, FPL and A & A Welding. | 3.80 | TGH **A** |
| May–13–94 | Letter to Ms. Whitlock regarding case status and filing of complaint; receive, review and calendar return of service for Florida. | 0.40 | TGH |
| May–23–94 | Receive, review and calendar return of service for FPL; receive, review and calendar return of service for A & A Welding; telephone call to Ms. Whitlock regarding case status, time for answering and anticipated trial date; letter to Ms. Whitlock regarding status. | 0.90 | TGH |
| Jun–02–94 | Telephone call from Mr. Reischmann (FPL) regarding Whitlock lien, anticipated payment and timing thereof. | 0.20 | TGH |
| Jun–06–94 | Receive and review Reischmann (FPL) correspondence of June 3; receive and review FPL answer; dictate letter to Ms. Whitlock regarding case status. | 0.80 | TGH |
| Jul–28–94 | Receive and review A & A Welding answer. | 0.30 | TGH **A** |
| Aug–09–94 | Letter to Ms. Whitlock regarding case status. | 0.20 | TGH |

| | | | | |
|---|---|---|---|---|
| Aug–03–94 | Telephone call from Ms. Whitlock regarding case status, negotiations with FPL for payment and anticipated time for receipt of payment funds. | 0.20 | TGH | |
| Aug–16–94 | Receive and review FPL "ten day notice of intent to pay lienors"; telephone call to Ms. Whitlock regarding same; letter to Whitlock regarding FPL notice. | 0.60 | TGH | A |
| Sep–01–94 | Telephone call from Mr. Fowler (A & A attorney) regarding case status, FPL's notice of intent, A & A's ability to be paid and status of circuit court action. | 0.20 | TGH | |
| Sep–27–94 | Receive and review Mr. Hines correspondence to Charles Grant dated September 27, 1994; telephone call to Ms. Whitlock regarding same. | 0.40 | TGH | A |
| Oct–04–94 | Telephone call to Mr. Hines regarding case status, FPL exposure and Whitlock entitlement. | 0.20 | TGH | |
| Oct–14–94 | Arrangements for and preparation of notice of hearing on Plaintiff's motion for summary judgment. | 0.30 | TGH | A |
| Oct–17–94 | Review pleadings files to determine status of service on Florida and lack of response; prepare motion for default; telephone call from Pat Fowler (A & A attorney) regarding case status, expectations of payment and related topics. | 0.60 | TGH | A |
| Oct–18–94 | Telephone call from Pat Fowler regarding any payment made by FPL and case status generally. | 0.20 | TGH | |
| Oct–20–94 | Letter to Mr. Hines (FPL) regarding hearing on motion for summary judgment. | 0.20 | TGH | A |
| Oct–27–94 | Receive and review default order; letter to Ms. Whitlock regarding case status. | 0.20 | TGH | |
| Nov–15–94 | Receive and review bankruptcy clerk notice regarding American Fabricators' bankruptcy; letter to Ms. Whitlock regarding same. | 0.30 | TGH | |
| Dec–16–94 | Review pleadings files; prepare proposed affidavit for Ms. Whitlock's signature in support of Plaintiff's motion for summary judgment; letter to Ms. Whitlock regarding same. | 1.40 | TGH | A |
| Dec–23–94 | Prepare notice of filing; prepare Plaintiff's Motion for Summary Judgment. | 0.50 | TGH | A |
| Dec–28–94 | Telephone call from Pat Fowler regarding Plaintiff's Motion for Summary Judgment, effect on A & A Welding, expectations of payment, status of bankruptcy action and related topics. | 0.30 | TGH | A |
| Jan–04–95 | Telephone call from Mr. Gleson at State of Florida regarding relationship between Florida and FPL, existence of lease agreement, documents responsive to request for production and related topics. | 0.40 | TGH | A |
| Jan–09–95 | Letter to Mr. Gleson, State of Florida, regarding case status, Plaintiff's discovery to Florida and related topics. | 0.20 | TGH | A |

| Date | Description | Hours | Initials | |
|---|---|---|---|---|
| Jan–12–95 | Telephone call from Mr. Saxton (FPL attorney) regarding entitlements of Whitlock, expected payment and bankruptcy complications. | 0.40 | TGH | |
| Jan–13–95 | Telephone call from Mr. Saxton regarding negotiations with Trustee and Plaintiff's motion for summary judgment. | 0.20 | TGH | |
| Jan–16–95 | Receive and review Saxton correspondence regarding case status and negotiations with Trustee; review entire file pursuant to Mr. Saxton's request; prepare calculations and statement of position regarding amounts due to Whitlock; letter to Mr. Saxton regarding same. | 1.10 | TGH | A |
| Jan–17–95 | Prepare notice of cancellation of hearing on motion for summary judgment; letter to Mr. Gleson. | 0.30 | TGH | A |
| Jan–20–95 | Telephone call to Ms. Whitlock regarding case status, expectation of payment, negotiations with Trustee and FPL position regarding same. | 0.30 | TGH | |
| Jan–27–95 | Letter to Mr. Saxton regarding status of negotiations with Trustee. | 0.40 | TGH | |
| Feb–04–95 | Receive and review Saxton January 31st correspondence; telephone call to Ms. Whitlock regarding same. | 0.40 | TGH | |
| Feb–07–95 | Review files; prepare two proofs of claim for filing in American Fabricators bankruptcy action; extended telephone call from Mr. Perry, Trustee's attorney regarding Whitlock's entitlement to payment and amount thereof; telephone call from Mr. Perry regarding specifics of lien rights of Whitlock, all regarding lien foreclosure and validity, Trustee exposure; begin research requested by Mr. Perry. | 2.00 | TGH | A |
| Feb–08–95 | Prepare calculations for Mr. Perry, at Mr. Perry's request; letter to Mr. Perry regarding Whitlock's entitlement. | 0.60 | TGH | |
| Feb–21–95 | Telephone call from Mr. Perry (Trustee attorney) regarding case status and amounts due to Whitlock. | 0.20 | TGH | |
| Mar–01–95 | Conference with Mr. Kolar regarding research required, case status and issues needing resolution regarding Whitlock entitlement to payment from Trustee and/or FPL. | 0.70 | TGH | |
| Mar–01–95 | Review complaint and facts of case; research regarding Florida construction lien law; conference with G. Heekin regarding settlement proposal. | 1.90 | ESK | A |
| Mar–03–95 | Calculate current amount due; research regarding Florida construction lien law; telephone conference with Robert Perry regarding Whitlock claim. | 0.90 | ESK | A |
| Mar–06–95 | Conference with G. Heekin regarding status of case. | 0.20 | ESK | |
| Mar–09–95 | Preparation of letter to Robert Perry | 0.60 | ESK | |
| Mar–10–95 | Preparation of letter to Robert Perry. | 1.20 | ESK | |
| Mar–14–95 | Preparation of letter to Robert Perry. | 1.00 | ESK | |

03/05/96

Whitlock Industrial Painting Co., Inc.
830 River Country Estates
Glen St. Mary, Florida 32040
Attn: Kathryn Whitlock

lit13968
vs. American Fabricators

Professional Services Rendered
3/15/95 through 2/29/96

| | | | |
|---|---|---|---|
| Mar–21–95 | Review complaint; prepare memorandum to G. Heekin regarding same; telephone conferences with Robert Perry, opposing counsel. | 0.40 | ESK |
| Mar–22–95 | Review bankruptcy turnover complaint; research regarding bankruptcy procedure; research regarding Florida construction lien law, corporate status of defendants; review documents furnished by client. | 1.80 | ESK **A** |
| Mar–22–95 | Secretary of State research regarding Florida Power Corporation per E. Kolar. | 0.50 | MM |
| Mar–24–95 | Telephone call to Secretary of State regarding Florida Power Corporation being a municipal agency; telephone call with CT Corporation regarding order articles of incorporation for Florida Power Corporation. | 0.20 | MM |
| Mar–28–95 | Research regarding private construction bond; telephone calls with Florida Power Corporation regarding corporate status, bond; review notice of commencement; research regarding Alachua County public records; obtain copies of bond; conference with G. Heekin regarding settlement. | 0.90 | ESK |
| Mar–29–95 | Telephone conferences with North Florida Notifiers, Kathryn Whitlock, Reva Bond regarding public records; preparation of letter to Reva Bond regarding request for ownership and encumbrance search; research regarding private construction payment bond. | 2.50 | ESK |
| Apr–04–95 | Review computer docket search, payment bond. | 0.90 | ESK |
| Apr–04–95 | Computer research with clerk's office (circuit court) regarding American Fabrication, Buffalo Tank Corporation, A & A Welding and Tri–State Contractors. | 0.90 | MM |
| Apr–06–95 | Review ownership and encumbrance search, lease notices of commencement; telephone calls with Brad Saxton, Mike Tessitore regarding status of case, settlement with bankruptcy court; preparation of letter to Mike Tessitore regarding same; telephone call with Robert Perry regarding stay of state court action; preparation of response to bankruptcy adversary proceeding. | 2.40 | ESK |

| | | | | |
|---|---|---|---|---|
| Apr–07–95 | Preparation of answer to trustee's complaint; research regarding availability of attorneys' fees for pursuing construction lien claim in bankruptcy proceeding; telephone conference with Mike Tessitore regarding communicating objection to Florida Power. | 2.10 | ESK | **A** |
| Apr–10–95 | Telephone conference with Rodney Gaddy regarding objection to Florida Power's interpleading funds in bankruptcy action; preparation of memorandum to file regarding same; telephone conference with Ron Bergwerk, counsel for American Fabricators regarding extension of time to file answer; preparation of letter to Bergwerk regarding same; telephone conference with Kathryn Whitlock regarding status of case, evidence establishing change order. | 1.10 | ESK | **A** |
| Apr–11–95 | Telephone conference with Henry Stein regarding claim, settlement; preparation of facsimile to Henry Stein regarding same. | 0.40 | ESK | **A** |
| Apr–21–95 | Telephone conference with counsel for Florida Power regarding possible settlement conference on April 24. | 0.40 | ESK | |
| Apr–22–95 | Telephone conference with Florida Power counsel Henry Stein regarding Whitlock's claims, possible settlement with the Trustee; preparation of letter to Stein and Robert Perry regarding same. | 0.90 | ESK | |
| Apr–26–95 | Telephone calls with Henry Stein, Robert Perry regarding settlement of action. | 0.30 | ESK | |
| Apr–27–95 | Telephone conference with Robert Perry and Henry Stein regarding settlement; preparation of answer, affirmative defenses and counterclaim. | 0.70 | ESK | |
| Apr–28–95 | Preparation of answer and affirmative defenses to Trustee's complaint; preparation of counterclaim; preparation of motion to lift automatic stay or for adequate protection. | 3.00 | ESK | **A** |
| May–01–95 | Preparation of motion to lift automatic stay. | 0.10 | ESK | **A** |
| May–04–95 | Preparation of motion to lift automatic stay and supporting memorandum. | 2.30 | ESK | **A** |
| May–05–95 | Review debtor's motion to dismiss counterclaim, offer of judgment from debtor. | 0.20 | ESK | **A** |
| May–08–95 | Telephone conference with bankruptcy court regarding motion to lift automatic stay; preparation of motion to withdraw motion to lift automatic stay from adversary proceeding; prepare motion to lift automatic stay in main bankruptcy proceeding. | 0.30 | ESK | |
| May–09–95 | Preparation for pretrial conference in bankruptcy adversary proceeding. | 0.40 | ESK | |
| May–10–95 | Prepare for pretrial conference; attend pretrial conference for bankruptcy adversary proceeding; conference with opposing attorneys regarding settlement. | 1.80 | ESK | **A** |
| May–10–95 | Attend pre-trial conference. | 1.30 | CSM | |
| May–15–95 | Retrieve Bankruptcy docket. | 0.30 | ENW | |

| May–15–95 | Research regarding lifting automatic stay; research regarding service on all interested parties. | 0.50 | ESK | A |
| May–16–95 | Research regarding lifting automatic stay to allow construction lien action to proceed. | 1.80 | ESK | |
| May–17–95 | Telephone calls with Alachua County Court, Robert Perry and Pat Fowler regarding status conference, bankruptcy stay; research regarding lifting automatic stay. | 1.00 | ESK | |
| May–18–95 | Research regarding lifting automatic stay. | 0.20 | ESK | |
| May–24–95 | Preparation of letter to Henry Stein regarding information for stipulation. | 0.20 | ESK | |
| May–25–95 | Research regarding assertion of counter claim against trustee's adversary proceeding complaint. | 0.80 | ESK | A |
| May–26–95 | Preparation of memorandum of law in support of Whitlock's counterclaim; preparation of stipulation for evidentiary hearing; telephone calls with Henry Stein and Robert Perry regarding stipulation; research regarding prerequisites for contractor to claim a lien; preparation of letter to Henry Stein regarding stipulation; review letter from Henry Stein, preparation of memorandum to Geoff Heekin regarding evidence needed for evidentiary hearing; obtain certified copies of claim of lien, documents showing date of filing of Whitlock's construction lien action. | 4.40 | ESK | A |
| May–30–95 | Research regarding admission of evidence in bankruptcy court; preparation of affidavit of Tim Whitlock; research regarding motion to lift automatic stay; telephone conference with Gary Shaaf regarding stipulation. | 1.70 | ESK | A |
| May–31–95 | Preparation of affidavit of Jim Whitlock; preparation of stipulation for evidentiary hearing; telephone calls with Kathryn Whitlock, Pat Fowler, Gary Schaaf, and Robert Perry regarding stipulation; research regarding introduction of evidence at bankruptcy hearing. | 5.50 | ESK | A |
| Jun–01–95 | Preparation of stipulation of facts, affidavit of Florida Power; telephone conferences with Robert Perry, Bob Stein, Pat Fowler and Wayne Compton regarding stipulation; research regarding trustee's lack of interest in Florida Power's property. | 6.90 | ESK | A |
| Jun–02–95 | Research regarding lifting automatic stay on property in which debtor does not have an interest; preparation of stipulation, affidavit of Florida Power, affidavit of Alachua County Title and Abstract; telephone conference with opposing counsel Pat Fowler, Wayne Compton and Henry Stein regarding stipulation and affidavit of Alachua County Title; obtain title search of property. | 6.70 | ESK | A |
| Jun–04–95 | Preparation of exhibits and exhibit list for bankruptcy hearing; preparation of argument for bankruptcy hearing and outline of possible testimony; research regarding interest of debtor in Florida Power's property. | 3.70 | ESK | A |

| | | | | |
|---|---|---|---|---|
| Jun–05–95 | Preparation for evidentiary hearing; meet with Kathryn and Jim Whitlock regarding proposed testimony; meet with opposing counsel regarding stipulation, affidavit and exhibit lists; attend evidentiary hearing; meeting with opposing counsel regarding settlement; conference with G. Heekin regarding settlement. | 4.20 | ESK | A |
| Jun–05–95 | Post-hearing meeting with Mr. and Mrs. Whitlock regarding results of hearing, effect on future case processing, issues remaining to be litigated and prospects of recovery. | 0.80 | TGH | |
| Jun–07–95 | Research regarding motion for summary judgment and motion for reconsideration of an order denying Whitlock's motion to lift automatic stay. | 0.40 | ESK | A |
| Jun–09–95 | Preparation of memorandum to G. Heekin regarding possible actions in bankruptcy court. | 0.50 | ESK | |
| Jun–21–95 | Review memorandum from Geoff Heekin regarding notice to general creditors. | 0.20 | ESK | |
| Jun–22–95 | Research regarding amending proof of claim. | 0.30 | ESK | |
| Jun–28–95 | Review notice to creditors; research regarding amended proof of claim; preparation of amended proof of claim. | 0.50 | ESK | A |
| Jun–29–95 | Research regarding adequate protection of security interest. | 1.00 | ESK | A |
| Jul–05–95 | Research regarding adequate protection of secured claim. | 0.30 | ESK | |
| Jul–07–95 | Preparation of amended proof of claim. | 0.20 | ESK | |
| Jul–10–95 | Research regarding adequate protection and amended proof of claim. | 0.50 | ESK | |
| Jul–12–95 | Research regarding adequate protection, motion for summary judgment, preparation of amended proof of claim; review pending motions by trustee to dismiss. | 1.90 | ESK | A |
| Jul–13–95 | Review bankruptcy pleadings; telephone conference with Kathryn Whitlock; preparation of memorandum to G. Heekin regarding same and future bankruptcy hearings. | 0.30 | ESK | |
| Jul–19–95 | Attend hearing on trustee's motion to dismiss; conference with opposing counsel regarding same. | 0.60 | ESK | A |
| Jul–20–95 | Order Bankruptcy docket. | 0.20 | ENW | |
| Jul–24–95 | Conference with Pacific Photo regarding docket sheet (.1); travel to pacific photo regarding same (.5). | 0.60 | ENW | |
| Jul–25–95 | Telephone conference with Pat Fowler, Esq. regarding proposed stipulation; preparation of stipulation between Whitlock and A & A Welding; preparation of letter to Pat Fowler regarding same. | 1.00 | ESK | A |
| Jul–26–95 | Preparation of stipulation between Whitlock and A & A Welding regarding Whitlock's non-objection to notice of intent to compromise. | 0.50 | ESK | A |
| Jul–31–95 | Telephone conference with Pat Fowler regarding stipulation. | 0.20 | ESK | A |

| Aug–02–95 | Telephone calls with Pat Fowler regarding stipulation; preparation of proposed objection; prepare revised stipulation and settlement agreement with A & A Welding; preparation of motion for summary judgment. | 1.70 | ESK | A |
| Aug–03–95 | Preparation of motion for summary judgment, affidavit in support of summary judgment and affidavit of attorneys' fees. | 1.70 | ESK | A |
| Aug–04–95 | Preparation of affidavit of Jim Whitlock in support of summary judgment; preparation of letter to Jim Whitlock regarding same. | 0.60 | ESK | A |
| Aug–11–95 | Preparation of motion for summary judgment; research regarding summary judgment in bankruptcy. | 0.70 | ESK | A |
| Aug–14–95 | Preparation of motion for summary judgment. | 1.70 | ESK | A |
| Aug–15–95 | Preparation of motion for summary judgment; research regarding construction lien statute. | 0.80 | ESK | |
| Aug–16–95 | Preparation of motion for summary judgment. | 1.90 | ESK | |
| Aug–17–95 | Preparation of motion for summary judgment. | 0.40 | ESK | |
| Aug–18–95 | Preparation of affidavit in support of attorneys' fees and motion for summary judgment. | 0.60 | ESK | A |
| Aug–21–95 | Preparation of motion for summary final judgment; preparation of interrogatories to defendant Florida Power corporation. | 2.20 | ESK | A |
| Aug–30–95 | Prepare attorneys' fee affidavit; go over case with attorney Frank Lonegro. | 0.50 | ESK | |
| Sep–28–95 | Telephone conference with H. Stein regarding response to interrogatories; prepare letter to Stein regarding same. | 0.20 | ESK | |
| Oct–09–95 | Review pleading binder; preparation of motion for summary judgment in anticipation of answers to interrogatories. | 0.30 | ESK | |
| Oct–11–95 | Telephone call with G. Schaaf, counsel for Florida Power regarding answers to interrogatories from Florida Power. | 0.20 | ESK | A |
| Oct–13–95 | Review proposed Florida Power interrogatory answers; telephone call with G. Schaaf's office regarding same. | 0.40 | ESK | A |
| Oct–17–95 | Prepare case management statement, order to appear by telephone (Alachua County State construction lien case). | 0.20 | ESK | |
| Oct–20–95 | Review proposed interrogatory answers from Florida Power; prepare letter to G. Schaaf regarding motion to compel. | 0.20 | ESK | |
| Oct–23–95 | Prepare letter to Kathryn Whitlock regarding settlement offer; prepare letter to G. Schaaf regarding late discovery responses; prepare motion to appear by telephone, pretrial statement and order to appear by telephone in state pretrial conference. | 0.50 | ESK | |
| Oct–24–95 | Conference with G. Heekin regarding status of case, summary judgment motion; prepare letter to state court Judge regarding pending bankruptcy action. | 0.70 | ESK | A |

| Oct–25–95 | Conference with G. Heekin regarding responses to discovery, summary judgment motion; Westlaw research regarding effect of bankruptcy stay on ability to enforce construction lien against non-debtor entity, other state law on subcontractor's right to proceed against non-debtor owner when contractor files bankruptcy petition. | 2.00 | ESK | |
|---|---|---|---|---|
| Oct–26–95 | Research regarding motion for summary judgment, review interrogatory answers from Florida Power; telephone conference with H. Stein regarding pretrial conference. | 0.80 | ESK | A |
| Oct–27–95 | Telephone calls with K. Whitlock, G. Schaaf regarding settlement, final contractors affidavit; request amended interrogatory answers from Schaaf; prepare motion for summary judgment, notice of filing interrogatory answers; research regarding summary judgment. | 3.10 | ESK | A |
| Oct–30–95 | Telephone calls with H. Stein regarding settlement pretrial conference; telephone call with state court regarding pretrial conference; review contractor's final affidavit; prepare letters to H. Stein, Gary Schaaf regarding objection to contractors final affidavit; prepare summary judgment motion. | 1.60 | ESK | A |
| Oct–31–95 | Telephone conference with G. Schaaf regarding settlement, amended interrogatory answers; prepare motion for summary judgment; research regarding entitlement to summary judgment, set-off against debtor contractor. | 3.40 | ESK | A |
| Nov–01–95 | Prepare motion for summary judgment; prepare exhibits to motion; telephone calls with court regarding pretrial conference. | 1.30 | ESK | A |
| Nov–02–95 | Prepare motion for summary judgment, review pleadings; research regarding dismissal of counts of complaint requesting turnover; prepare appendix of cases. | 1.40 | ESK | A |
| Nov–03–95 | Prepare letter to Gary Schaaf, Florida Power's counsel, regarding answering Whitlock's crossclaim. | 0.20 | ESK | A |
| Nov–06–95 | Prepare motion for summary judgment, appendix of cases. | 0.30 | ESK | |
| Nov–08–95 | Research regarding bankruptcy court jurisdiction over Whitlock's claim against Florida Power; review Ponoroff article on construction claims in bankruptcy court. | 1.20 | ESK | |
| Nov–10–95 | Review answer of Florida Power; prepare amended crossclaim, stipulation allowing amendment; telephone calls with G. Schaaf regarding same; prepare letter to G. Schaaf; review contract between Florida Power and American Fabricators furnished by Florida Power. | 2.40 | ESK | A |
| Nov–14–95 | Telephone calls with G. Schaaf regarding amended crossclaim against Florida Power; prepare amended crossclaim. | 0.70 | ESK | |
| Nov–15–95 | Prepare amended crossclaim, motion for summary judgment. | 0.50 | ESK | A |
| Nov–28–95 | Review answer of Florida Power. | 0.30 | ESK | A |
| Nov–29–95 | Research regarding subject matter jurisdiction of bankruptcy court, abstention and withdrawal of reference; prepare motion for summary judgment; prepare notice of filing affidavit in support of summary judgment. | 2.70 | ESK | A |

| | | | | |
|---|---|---|---|---|
| Nov–30–95 | Prepare motion for summary judgment; research regarding abstention, withdrawal of reference. | 3.10 | ESK | A |
| Dec–01–95 | Prepare notice of filing affidavit in support of summary judgment; prepare affidavit of costs, notice of filing; review motion for summary judgment of Florida Power. | 1.10 | ESK | A |
| Dec–04–95 | Prepare affidavit of costs; review Florida Power's summary judgment motion. | 0.50 | ESK | A |
| Dec–06–95 | Conference with G. Heekin regarding rescheduling hearings. | 0.20 | ESK | |
| Dec–08–95 | Prepare affidavit of costs. | 0.20 | ESK | |
| Dec–18–95 | Review Florida Power's memo in opposition to summary judgment. | 0.20 | ESK | A |
| Dec–20–95 | Review Trustee's motion for partial summary judgment; research regarding asserting construction lien for delay damages and damaged equipment. | 1.10 | ESK | A |
| Dec–28–95 | Research regarding owner's approval of extras, extra charges for delay damages for response to Trustee's motion for partial summary judgment. | 1.70 | ESK | A |
| Jan–02–96 | Research regarding memo in opposition to Trustee's motion for partial summary judgment. | 1.60 | ESK | |
| Jan–03–96 | Prepare for and attend hearing on motion to set for trial; research regarding response to Trustee's motion for partial summary judgment; research regarding acceptance of extra charges by owner, incorporation of extra work in contract price. | 3.10 | ESK | A |
| Jan–04–96 | Research regarding lienability of extra work items claimed by Whitlock; prepare memo of law in response to Trustee's motion for partial summary judgment. | 3.40 | ESK | A |
| Jan–05–96 | Prepare memo of law in response to Trustee's motion for partial summary judgment; research regarding cases cited in Trustee's memo, summary judgment procedure. | 1.60 | ESK | A |
| Jan–08–96 | Telephone call with bankruptcy clerk regarding hearing time. | 0.10 | ESK | |
| Jan–09–96 | Conference with G. Heekin regarding filing memo in response to Trustee's motion for partial summary judgment. | 0.20 | ESK | |
| Jan–09–96 | Extended telephone conference from Ms. Whitlock regarding case status, hearing on January 11, 1996, evidence to be presented, etc. | 0.50 | TGH | |
| Jan–10–96 | Pull federal case from Westlaw. | 0.10 | JD | |
| Jan–10–96 | Conference with G. Heekin regarding hearing on parties' motions to dismiss; prepare for hearing on motions to dismiss. | 0.60 | ESK | |
| Jan–10–96 | Research re attorneys fees being added as affecting offer of judgment versus tendered amount; research regarding viability of trustee's offer of judgment to Whitlock; review all pleadings and begin preparation of outline for hearing on various summary judgment motions filed by FPC, trustee and Whitlock. | 3.60 | TGH | A |

| | | | |
|---|---|---|---|
| Jan–11–96 | Conference with G. Heekin regarding hearing on parties' motions for summary judgment; prepare for hearing; calculate amounts due on principal of claim; attend hearing; conference with R. Perry and G. Schaaf regarding possible stipulations; conference with G. Heekin regarding stipulations, trial strategy; prepare proposed order for release of $14,756, letters to opposing counsel regarding same; prepare memo to G. Heekin regarding stipulations; request name of court reporter recording hearing on motion to lift automatic stay. | 4.80 | ESK |
| Jan–11–96 | Finish review of all mechanic's lien research, preparation of outline of arguments regarding various motions; review all research regarding burden of proof on various motions and presumptions regarding lack of opposing evidence; meet with clients regarding case status, hearing and procedures; attend and argue hearings on all pending motions; post hearing conference with Mrs. Whitlock regarding case status, future work required and trial issues. | 4.60 | TGH |
| Jan–12–96 | Telephone call with G. Schaaf regarding order granting in part Whitlock's motion for summary judgment; prepare revised order; conference with G. Heekin regarding trial strategy, proposed stipulation; memo to G. Heekin regarding same. | 0.90 | ESK |
| Jan–16–96 | Telephone calls with R. Perry, G. Schaaf regarding settlements and order granting Whitlock's motion for summary judgment; prepare letter to R. Perry regarding settlement; calculate amount due on claim; conference with G. Heekin regarding settlement amount; review admissions of Florida Power; prepare memo to G. Heekin regarding same; prepare requests for admissions. | 2.40 | ESK A |
| Jan–17–96 | Prepare settlement letter to R. Perry, Gary Schaaf; research regarding attorneys' fees; telephone call with R. Perry regarding revised order; prepare letters to R. Perry, G. Schaaf regarding revised order. | 1.30 | ESK A |
| Jan–18–96 | Conference with G. Heekin regarding trial strategy; prepare request for admissions, interrogatories and requests for production to Florida Power and Trustee. | 1.60 | ESK |
| Jan–19–96 | Telephone call with Pat Fowler regarding conversation with subcontractor; prepare requests for admissions, interrogatories and requests for production to Florida Power and the Trustee; conference with G. Heekin regarding same. | 2.70 | ESK A |
| Jan–22–96 | Review Proctor order regarding partially granting Whitlock's motion for summary judgment; prepare letter to Gary Schaaf regarding names of witnesses needed for trial; telephone call with Pat Fowler regarding same. | 0.40 | ESK A |
| Jan–23–96 | Review Perry response to settlement offer; telephone calls with R. Perry, Gary Schaaf regarding settlement. | 0.70 | ESK |
| Jan–24–96 | Research regarding location of witnesses. | 0.30 | ESK |
| Jan–25–96 | Telephone call with Pat Fowler and Andrew Allen regarding testimony of A & A Welding & Fabrication, Inc.'s representatives at trial; conference with G. Heekin regarding same; prepare memo to G. Heekin regarding same. | 0.70 | ESK |

| | | | |
|---|---|---|---|
| Jan–26–96 | Conference with G. Heekin regarding witnesses and documents needed for trial. | 0.30 | ESK |
| Jan–29–96 | Review documents furnished by Kathryn Whitlock; telephone call with Gary Schaaf regarding settlement funds; telephone call with Pat Fowler. | 0.50 | ESK |
| Jan–31–96 | Prepare subpoena to A & A, stipulation. | 0.30 | ESK A |
| Feb–01–96 | Review correspondence from Florida Power; endorse check to client; conference with G. Heekin regarding status of case; prepare proposed stipulation; telephone calls to Pat Fowler and Gary Schaaf regarding same. | 0.40 | ESK |
| Feb–02–96 | Telephone conference with G. Schaaf and Pat Fowler regarding witnesses needed for trial. | 0.60 | ESK |
| Feb–05–96 | Prepare proposed stipulation for transmittal to R. Perry; telephone conference with K. Whitlock regarding change order signed by Kevin Hill. | 1.60 | ESK A |
| Feb–06–96 | Prepare stipulation for trial; telephone conference with G. Schaaf regarding stipulation. | 0.40 | ESK A |
| Feb–07–96 | Research regarding issuing subpoena to K. Hill; prepare subpoena to K. Hill. | 0.60 | ESK |
| Feb–09–96 | Telephone conference with R. Perry regarding stipulation; and with G. Schaaf regarding same; meeting with R. Shidler; letter to G. Schaaf regarding same; telephone conference with Pat Fowler regarding deposition of Andrew Allen; conference with G. Heekin regarding deposition of Allen, introduction of testimony of J. Whitlock, subpoena of K. Hill. | 1.20 | ESK |
| Feb–12–96 | Schedule deposition of A. Allen, telephone conference with G. Schaaf, R. Perry regarding same; review Florida Power's responses to requests for admissions. | 0.70 | ESK A |
| Feb–13–96 | Telephone conference with K. Hill regarding change order; prepare letter to K. Hill regarding same; prepare subpoena for K. Hill; telephone conference with P. Fowler regarding deposition of Allen and Hill. | 0.70 | ESK |
| Feb–15–96 | Telephone conference with G. Schaaf; interview R. Shidler regarding Whitlock's extra charges; conference with G. Heekin regarding subpoenaing witnesses for trial. | 0.60 | ESK |
| Feb–16–96 | Prepare notice of deposition of Andrew Allen; telephone conference with Robert Perry, Gary Schaaf regarding witnesses needed for trial proposed stipulation among parties; prepare motion for telephonic deposition of Kevin J. Hill; prepare subpoenas for R. Gaddy and R. Shidler; research regarding service of subpoena outside district, taking telephone deposition. | 2.70 | ESK A |
| Feb–19–96 | Review stipulation from Trustee; Telephone conference with Gary Schaaf regarding stipulation. | 0.50 | ESK A |

| Feb–20–96 | Conference call with G. Schaaf and R. Perry regarding possible stipulation telephone deposition of K. Hill. | 0.70 | ESK | **A** |

Feb–21–96 Research regarding use of deposition at trial; telephone call with K. Hill regarding change order; review stipulation for other needed information; Telephone calls with clerk regarding court records, deposition of K. Hill; prepare notice of withdrawal of motion for telephonic hearing; conference with G. Heekin regarding information needed at trial. — 1.10 ESK

Feb–22–96 Telephone calls with G. Schaaf regarding proposed stipulation; research regarding issues left for trial, admissions made by Florida Power, Trustee. — 1.40 ESK

Feb–23–96 Review admissions made by Florida Power in interrogatory answer; review admissions made by Trustee in interrogatory answers; Prepare stipulation regarding telephone deposition of Florida Power representatives; Telephone calls with G. Schaaf, R. Bergwerk regarding same; Telephone call with P. Fowler regarding outstanding discovery; conference with G. Heekin regarding proposed stipulation for trial; telephone call with G. Schaaf regarding same, production of documents from Florida Power; Prepare letter to G. Schaaf regarding same. — 2.30 ESK **A**

Feb–23–96 Print Bankruptcy Docket and adversary docket. — 0.20 JD

Feb–26–96 Telephone conference with P. Fowler regarding documents from A & A; conference with G. Heekin regarding establishing elements of construction lien action with trial; telephone conference with G. Schaaf regarding deposition of R. Shidler, production of documents from Florida Power; review documents from A & A. — 1.40 ESK **A**

Feb–27–96 Review proposed amended answer and counterclaim of Florida Power; telephone conference with C. Schaaf regarding same; review late response to request for admissions from Trustee; prepare motion to strike late response; research regarding time to respond under Federal Bankruptcy Code 7036; review and prepare proposed stipulation with Florida Power and pretrial brief. — 1.90 ESK **A**

Feb–28–96 Telephone conference with G. Schaaf regarding proposed stipulation; review interrogatory answers of Trustee, Trustee's response to request for admissions; prepare motion to strike Trustee's untimely response to request for admissions; research regarding motion to strike, requests for admissions; prepare trial brief. — 4.00 ESK **A**

Mar–04–96 Telephone call with G. Schaaf regarding stipulation; prepare exhibit list and exhibits for trial; research regarding discretion of court to allow amendment of untimely response to request for production; research regarding presenting evidence at trial contrary to stipulation or admission; conference with G. Heekin regarding stipulation with Florida Power; prepare revises stipulation with Florida Power; review pleadings and determine needed exhibits at trial; review transcript at hearing on motion to lift automatic stay to determine factual admissions by parties; telephone calls with J. Settembrini, F. Lonegro and T. Ray regarding obtaining expert witness on fees; prepare outline of expert testimony on fees. — 5.70 ESK **A**

| Lawyers | Hours | Amount | Billing Rate |
|---|---|---|---|
| T. Geoffrey Heekin | 42.80 | $ 7,062.00 | $165 |
| Eric S. Kolar | 176.20 | 18,501.00 | 105 |
| Charles S. McCall | 1.30 | 136.50 | 105 |
| Paralegals | | | |
| Elizabeth N. Wilson | 1.10 | 71.50 | 65 |
| June Daniels | 0.30 | 19.50 | 65 |
| Marlo Mann | 1.60 | 104.00 | 65 |
| Totals | 223.30 | $25,894.50 | |

## Exhibit B

| Date | | HOURS | |
|---|---|---|---|
| Mar–07–96 | Prepare proposed findings of fact and post trial brief; telephone conference with R. Perry regarding same, evidence at trial. | .90 | ESK **A** |
| Mar–08–96 | Prepare proposed findings of fact and post trial brief; telephone conference with G. Schaaf requesting attorney fee summary; prepare proposed order striking Trustee's late response to request for admissions. | .80 | ESK |
| Mar–11–96 | Prepare proposed findings of fact and conclusions of law; research regarding required independence of attorney fee expert, disqualification of biased expert testimony. | 1.0 | ESK |
| Mar–12–96 | Prepare proposed findings of fact, memorandum of law; research regarding procedure on proving reasonable attorneys' fees in construction lien case, trial exhibits; telephone conference with G. Schaaf regarding trial exhibits; prepare proposed order on motion to strike Trustee's late response; letter to Judge re: same. | 2.7 | ESK |
| Mar–13–96 | Telephone conference with R. Perry regarding proposed order; prepare letter to Judge Proctor enclosing proposed order on Whitlock's motion to strike Trustee's late answer to request for production; computer research regarding disqualification of attorney fee testimony, issues needed for proposed conclusions of law, effect of stipulation and admissions. | 1.9 | ESK |
| Mar–21–96 | Prepare proposed findings of fact; Obtain exhibit lists and other documents from Bankruptcy Court. | 1.3 | ESK |
| Mar–22–96 | Prepare proposed findings of fact and conclusions of law. | .2 | ESK |
| Mar–25–96 | Prepare proposed findings of fact and conclusions of law; research regarding expert testimony on attorneys' fees in construction lien action. | 3.9 | ESK |
| Mar–26–96 | Prepare proposed findings of fact and conclusions of law; research regarding standard for bankruptcy court's determination of attorneys' fees; telephone conference with G. Schaaf; obtain documents from bankruptcy court. | 4.6 | ESK |

| Date | | HOURS | |
|------|------|------|------|
| Mar–27–96 | Prepare proposed findings of fact, conclusions of law; research regarding whether bankruptcy court required to apply substantive law of Florida for determining attorneys' fees in construction lien case. | 4.2 | ESK |
| Apr–1–96 | Prepare final judgment; telephone call with G. Schaaf regarding same; prepare proposed findings of fact and conclusions of law. | 1.0 | ESK |
| Apr–2–96 | Conference with G. Heekin regarding proposed findings of fact and conclusions of law. | .2 | ESK |
| Apr–3–96 | Prepare proposed findings of fact and conclusions of law; telephone call with G. Schaaf regarding same. | 1.6 | ESK |
| Apr–4–96 | Prepare second affidavit of attorneys' fees, proposed findings of fact and conclusion of law; telephone conference with G. Schaaf regarding arguments; prepare post trial affidavit of attorneys' fees. | 2.4 | ESK **A** |

★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★★

| Lawyer | Hours | Billing Rate | Amount |
|--------|-------|--------------|--------|
| Eric S. Kolar | 26.70 | $105.00 | $2,803.50 |

F:/USER/KWEST/EKOLAR/WHITLOCK/BILL

### WHITLOCK COSTS SUMMARY—CONSTRUCTION LIEN ACTION

| Date | Description | Amount | |
|------|-------------|--------|---|
| 9/17/93 | Service of Process | $ 18.00 | |
| 9/17/93 | Recording Claim of Lien | $ 6.00 | |
| 10/05/93 | Service of Process | $ 15.00 | |
| 5/10/94 | Filing fee (state court—Alachua County) | $ 85.50 | |
| 5/12/94 | Clay County Sheriff's Dept. for service of process | $ 12.00 | |
| 5/12/94 | Ex–Cel Investigations for service of process | $ 29.00 | |
| 5/12/94 | Capital Area Process Service for service of process | $ 15.00 | |
| 5/02/95 | Services provided by Chicago Title Insurance Company | $ 178.00 | **A** |
| 5/05/95 | Filing fee (motion to lift automatic stay) | $ 60.00 | |
| 6/14/95 | Services provided by Alachua County Abstract Company | $ 125.00 | **A** |
| TOTAL COSTS | | $ 543.50 | |

**EXHIBIT "2" TO FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The letter "A" denotes the amounts that are included in the award of attorneys' fees.

March 1, 1996

Florida Power Corp.
3201 34th Street So.
P.O. Box 14042
St. Petersburg, FL 33733

Billing Period: 02/01/96—02/29/96
TRANSACTION DETAIL

Matter: 010162 Prod: HAS
FL Power Re: Buffalo Tank
Re: American Fabricators, Inc.
Client: 20016
Florida Power Corp.

For Disbursements Incurred:

| Date | Description | Amount | |
|---|---|---|---|
| 11/19/06 | Reimbursement for Cab Fares in Jacksonville—Gary Schaaf | $ 53.00 | |
| 04/24/95 | Westlaw research—Henry Stein | 32.90 | **A** |
| 04/30/95 | 18—Pages/Fax charges for billing period | 9.00 | |
| 05/02/95 | Federal Express to Clerk of Court, US Bankruptcy Court, Middle District | 9.00 | |
| 05/09/95 | Westlaw research—Susan Ahearn | 10.92 | |
| 05/10/95 | Travel Expense Reimbursement for Gary Schaaf in Jacksonville Re: Pre–Trial: Airfare—$398.; Cab fare(s)—$49.; Airport parking—$8.; Meal(s)—9. | 464.00 | **A** |
| 05/15/95 | Federal Express to Clerk of the Court, U.S. Bankruptcy Court | 13.00 | |
| 05/31/95 | 38—Pages/Fax charges for billing period | 19.00 | |
| 05/31/95 | Long Distance telephone charges for the billing period | 12.04 | |
| 06/05/95 | Gas reimbursement re: Henry Stein's trip to and from Jacksonville re: bankruptcy hearing | 25.00 | **A** |
| 06/05/95 | Reimbursement for Lodging for Henry Stein in Jacksonville re: bankruptcy court hearing | 133.88 | **A** |
| 06/05/95 | Reimbursement for Henry Stein's Airfare to Jacksonville re: bankruptcy court hearing | 98.00 | **A** |
| 06/15/95 | Westlaw charges—Suzanne Goodwin | 7.70 | |
| 06/30/95 | Long Distance telephone charges for the billing period | 10.48 | |
| 06/30/95 | 39—Pages/Fax charges for billing period | 19.50 | |
| 10/17/95 | PACE Messenger Service delivery to Florida Power (Audio Visual) | 11.00 | |
| 10/31/95 | 33—Pages/Fax charges for billing period | 16.50 | |
| 11/13/95 | Federal Express to Eric S. Kolar | 13.00 | |
| 11/14/95 | Westlaw Research charges | 97.50 | |
| 11/15/95 | Federal Express to Eric Kolar, Esq. | 13.00 | |
| 11/28/95 | Federal Express | 23.00 | |
| 11/30/95 | 12—Pages/Fax charges for billing period | 6.00 | |
| 01/09/96 | Federal Express | 13.00 | |
| 01/09/96 | Federal Express | 13.00 | |
| 01/18/96 | Federal Express | 13.00 | |
| 01/18/96 | Federal Express | 13.00 | |
| 01/19/96 | Federal Express | 13.00 | |
| 01/31/96 | 22—Pages/Fax charges for billing period | 11.00 | |
| 02/07/96 | Check # 2439 to Gary M. Schaaf; disbursement for: USAir flight to Jacksonville and Omni Hotel on 1/11/96 for hearing on motion for summary judgment | 438.76 | **A** |
| | Total Disbursements Incurred | $ 1612.18 | |

For Professional Services Rendered:

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 04/06/95 | HAS | Telephone conference w/Mr. Gaddy re: assignment | 0.30 | $ 60.00 |

| | | | | |
|---|---|---|---|---|
| 04/06/95 | HAS | Research construction lien law re: perfection of liens by subs & right of owner to make direct payments when no contractor's affidavit given— right to withhold final payment if contractor (Buffalo) refuses to give contractor's affidavit as potential defense in trustee's action | 1.30 | 260.00 **A** |
| 04/07/95 | HAS | Initial conference with Michelle Webb, Mary Gray & PJT; review file; telephone conference w/trustee atty re: settlement (NO CHARGE) | 1.80 | 0.00 **A** |
| 04/07/95 | HAS | Letter to trustee atty re: extension | 0.20 | 40.00 **A** |
| 04/07/95 | PJT | Meeting w/Florida Power and HAS re: strategy and case overview (NO CHARGE) | 1.80 | 0.00 |
| 04/11/95 | HAS | Telephone conference w/Eric Kolar at Whitlock re: settlement status | 0.50 | 100.00 **A** |
| 04/11/95 | HAS | Telephone conference w/Michelle reporting on conference w/Whitlock atty. | 0.20 | 40.00 |
| 04/11/95 | HAS | Review materials sent by Eric Kolar | 0.40 | 80.00 **A** |
| 04/13/95 | HAS | Review final analysis of Orlando firm (.8); telephone conference w/Michelle re: claim of LaSalle (.2); telephone conference w/atty for trustee (.1) | 1.10 | 220.00 |
| 04/25/95 | HAS | Telephone conference w/Pat Fowler atty. for A & A | 0.40 | 80.00 **A** |
| 04/25/95 | HAS | Telephone conference w/Eric Kolar atty. for Whitlock | 0.20 | 40.00 **A** |
| 04/27/95 | HAS | Telephone conference w/Eric Kolar re: position of Whitlock and possible compromise as well as stay of state court action | 0.30 | 60.00 |
| 04/27/95 | HAS | Telephone conference w/Michelle Webb re: status | 0.20 | 40.00 |
| 04/27/95 | HAS | Analysis $60,000 claim of stock alloys (.8) and telephone conference w/Robert Perry re: violation of automatic stay (.3) | 1.10 | 220.00 **A** |
| 04/27/95 | HAS | Review answer docs just faxed by A & A counsel | 0.30 | 60.00 **A** |
| 04/27/95 | HAS | Draft answer for Fla. Power | 0.70 | 140.00 **A** |
| 05/01/95 | GMS | Prep. re: pretrial conference in Jacksonville | 0.70 | 94.50 **A** |
| 05/02/95 | GMS | Receive and review A & A answer (.2); receive and review Whitlock answer and crossclaim and prep (.6) | 0.80 | 108.00 **A** |
| 05/03/95 | GMS | Scheduling re: pre-trial (.2); review docs re: case history (.4) | 0.60 | 81.00 |
| 05/05/95 | GMS | Conference w/HAS re: background in prep for pre-trial (.8); review file pleadings and case law re: Whitlock claims (.6) | 1.40 | 189.00 |
| 05/07/95 | GMS | Review file and Bankruptcy case law and prep for pre-trial | 1.80 | 243.00 |
| 05/08/95 | VHC | Analysis of Mechanics Lien issues for GMS at request of HAS | 0.50 | 90.00 **A** |
| 05/09/95 | GMS | Prep for pre-trial and strategy review w/HAS (.3); review TriState answer (.2); receive and review Whitlock motion for relief from stay (.4); review consent to juris form and Perry Motion to Dismiss Whitlock crossclaim (.3); prep for pre-trial and trip to Jacksonville (.9) | 2.10 | 283.50 |
| 05/10/95 | GMS | Prep for pre-trial including review of Whitlock and Stock Alleys pleadings and prep of outline (1.9); attend pre-trial in Jacksonville and conference w/counsel for A & A, Whitlock, TriState re: potential mode of settlement, conference w/Kolar re: settlement re: Whitlock suit (1.6); review of lien case law provided by Kolar re: fees and costs and review bankruptcy case law re: assets of | 5.20 | 702.00 **A** |

| | | | | |
|---|---|---|---|---|
| | | estate and priority of claims in light of lien issues, right to withhold funds from final payment to contractor (1.5); prep re: strategy for Whitlock suit (.2); (No travel time—6 hours—charged) | | |
| 05/11/95 | GMS | Telephone call w/Gaddy's office re: pre-trial issues (.2); prep re: Whitlock filings (.9) | 1.10 | 148.50 |
| 05/11/95 | HAS | Telephone conference w/GMS re: bankruptcy hearing in Fl Power—Buffalo Tank | 0.30 | 60.00 |
| 05/12/95 | GMS | Receive and review Whitlock motion withdrawing and purporting to reassert motion to lift stay | 0.20 | 27.00 |
| 05/15/95 | GMS | Telephone call w/Gaddy re: pre-trial and strategy for stipulation | 0.30 | 40.50 |
| 05/18/95 | GMS | Receive and review order to show cause and order re: motion to lift stay and prep re: response | 0.80 | 108.00 **A** |
| 05/25/95 | GMS | Receive and review amended motion to lift stay and prep re: response | 0.40 | 54.00 **A** |
| 05/26/95 | HAS | Review correspondence from Eric Kolar—draft letter to Kolar re: attys fees and FPC position | 0.80 | 160.00 |
| 05/26/95 | HAS | Telephone conference w/Michelle Webb re: status report on matter and upcoming hearing | 0.30 | 60.00 |
| 05/30/95 | GMS | Receive and review Kolar letter re: trustee's offer (.2); prep re: hearing dates (.2); telephone conference w/Kolar re: hearing on motion to lift stay (.3); telephone conference w/HAS and Michelle Webb re: strategy and status of motions (.4); telephone call w/Perry re: upcoming hearings and strategy (.3); second telephone conference w/HAS and Michelle Webb re: June 5 hearing (.4) | 1.80 | 243.00 **A** |
| 05/30/95 | HAS | Telephone conference w/Michelle Webb re: status and facts needed to prep stip of facts | 0.30 | 60.00 |
| 05/30/95 | HAS | Check construction lien law re: definition of when attys fees are collectable as part of enforcement of claim | 0.60 | 120.00 **A** |
| 05/31/95 | GMS | Telephone call w/Kolar re: status of info | 0.20 | 27.00 |
| 05/31/95 | HAS | Meeting w/Michelle Webb at FPC | 0.30 | 60.00 |
| 06/01/95 | HAS | Telephone conference w/Kolar re: info he needs for stipulation for bankruptcy judge | 0.50 | 100.00 **A** |
| 06/01/95 | HAS | Additional telephone conference w/Kolar re: my comments to his amended stipulation | 0.30 | 60.00 |
| 06/01/95 | HAS | Telephone conference w/Michelle Webb re: affidavit (.3); telephone conference w/Rodney Gaddy re: affidavit (.2) | 0.50 | 100.00 |
| 06/02/95 | HAS | Review & revise stip of facts (.3); review case law in prep for hearing Monday (.9); telephone conference w/Michelle Webb re: affidavit and stip (.2); telephone conference w/Eric Kolar (.4) | 1.80 | 360.00 **A** |
| 06/02/95 | GMS | Conference w/HAS re: Buffalo Tank hearing on Whitlock (.4); telephone conferences w/Kolar re: hearing strategy (.6); telephone call w/HAS re: strategy (.3) | 1.30 | 175.50 **A** |
| 06/05/95 | HAS | Appearance before Judge Proctor in Jacksonville | 1.70 | 340.00 **A** |
| 06/05/95 | HAS | Meeting w/all counsel | 0.60 | 120.00 **A** |
| 06/05/95 | HAS | Meeting w/Trustee's counsel | 0.40 | 80.00 **A** |
| 06/05/95 | HAS | Travel to and from Jacksonville (NO CHARGE) | 8.50 | 0.00 |
| 06/05/95 | GMS | Telephone conference w/HAS re: hearing outcome (.3); telephone call w/Webb re: hearing (.2) | 0.50 | 67.50 |
| 06/08/95 | GMS | Review proposed order denying Whitlock motion | 0.40 | 54.00 **A** |
| 06/15/95 | GMS | Receive and review order denying motion to lift stay | 0.10 | 13.50 |

| Date | Atty | Description | Hours | Amount | |
|---|---|---|---|---|---|
| 06/16/95 | HAS | Telephone call from Michelle Webb (.2); telephone conference w/Bergwerk re: trustees motion to dismiss (.3) | 0.50 | 100.00 | A |
| 06/26/95 | HAS | Several telephone calls to trustee's counsel re: affidavit | 0.40 | 80.00 | |
| 07/17/95 | GMS | Receive and review Trustee's Notice of Intent to Compromise A & A and Tri–State claims | 0.20 | 27.00 | A |
| 07/19/95 | GMS | Telephone conference w/HAS re: Trustee's notice of intent to compromise (.3); telephone call w/Bergwerk's office re: contractor's affidavit (.1); telephone call w/Bergwerk re: Trustee's notice and contractor's affidavit (.3); telephone conference w/Gaddy and Webb (.2); prep memo to HAS re: status (.4) | 1.30 | 175.50 | A |
| 08/03/95 | GMS | Review finding of facts re: motion to dismiss Whitlock counterclaim (.2); prep re: settlement in bankruptcy and effect under Fla. law (.7) | 0.90 | 121.50 | A |
| 08/07/95 | VHC | Research on deposit issue at GMS request | 0.60 | 108.00 | |
| 08/08/95 | GMS | Review contractor's affidavit and attached letter from TriState (.4); conference w/HAS re: lien law issue and compromise issue (.2); research re: effect of contractor's affidavit (.4); telephone call w/Bergwerk re: stipulation (.3) | 1.30 | 175.50 | A |
| 08/10/95 | GMS | Prep re: settlement stip | 0.30 | 40.50 | A |
| 08/24/95 | GMS | Receive and review Whitlock interrogatories (.3); prep re: stip w/receiver (.3) | 0.60 | 81.00 | A |
| 08/26/95 | GMS | Review contractor's affidavit re: stip (.3); review Judge Proctor findings of fact (.5); review pleadings and Whitlock counterclaim and crossclaims re: prep for stip (.6) | 1.40 | 189.00 | A |
| 08/28/95 | GMS | Review stip of Bergwerk in prep for settlement (.3); prep re: completion of settlement among parties (.6); receive and review court order approving A & A Tri–State settlement (.2) | 1.10 | 148.50 | A |
| 08/29/95 | GMS | Research 713, Fla.Stat., in prep for settlement w/trustee | 1:10 | 148.50 | A |
| 08/30/95 | GMS | Continued review of Chapter 713 re: settlement strategy (.8); review file re: Nemco decision (.2) | 1.00 | 135.00 | |
| 09/01/95 | GMS | Telephone call w/Bergwerk's office re: payoffs (.1); research re: mechanics lien law (.3) | 0.40 | 54.00 | |
| 09/03/95 | GMS | Research re: Mechanic's Lien law and notes re: strategy concerning payment of Whitlock | 1.20 | 162.00 | |
| 09/05/95 | GMS | Telephone call to Bergwerk (.1); conference w/HAS re: Motion for Summary Judgment strategy and settlement (.3); draft Motion for Summary Judgment (.7) | 1.10 | 148.50 | |
| 09/25/95 | GMS | Letter to Gaddy re: status | 0.20 | 27.00 | |
| 09/27/95 | GMS | Revise letter to Gaddy re: Motion for Summary Judgment and strategy | 0.40 | 54.00 | |
| 09/28/95 | GMS | Prep re: response to interrogatories from Whitlock | 0.40 | 54.00 | A |
| 09/29/95 | GMS | Review Kolar letter re: interrogatories (.1); review file re: interrogatories (.2) | 0.30 | 40.50 | A |
| 09/30/95 | GMS | Review of pleadings and attachments and prep re: responses to Whitlock interrogatories (1.2); prep re: Motion for Summary Judgment (.3) | 1.50 | 202.50 | A |
| 10/03/95 | GMS | Telephone conference with Gaddy re: payoff and Motion for Summary Judgment (.2) | 0.20 | 27.00 | |
| 10/09/95 | GMS | Conference with Gaddy re: responses to interrogatories (.2) | 0.20 | 27.00 | |

| Date | Atty | Description | Hours | Amount | |
|------|------|-------------|-------|--------|--|
| 10/10/95 | GMS | Message from Perry re: payments (NC); Telephone conference with Gaddy re: interrogatories and payments (.1); telephone with Webb's office (NC); telephone call to Perry's office (NC) | 0.10 | 13.50 | A |
| 10/11/95 | GMS | Telephone conference with Perry re: terms of settlement with A & A, TriState and Whitlock (.3); Telephone conference with Michelle Webb re: interrogatories (.3); review Whitlock interrogatories and prep re: responses (.6); telephone conference with Kolar re: settlement possibilities and discovery due (.2) | 1.40 | 189.00 | A |
| 10/12/95 | GMS | Telephone conference with Michelle Webb re: answers to interrogatories (.3); prep re: Kolar offer letter and drafting responses to interrogatories (.8); telephone conference with Webb re: payment figures (.3); revising answers to interrogatories (.7); review Buffalo Tank contract and amendments (.4) | 2.50 | 337.50 | |
| 10/13/95 | GMS | Prep re: interrogatory responses to Kolar and prep for execution (1.2) | 1.20 | 162.00 | A |
| 10/16/95 | GMS | Telephone conference with Rodney Gaddy re: interrogatories (.1) | 0.10 | 13.50 | |
| 10/17/95 | GMS | Prep re: interrogatory responses and Kolar settlement proposal (.5); Receive and review Circuit Court order scheduling case management conference and prep re: response (.2) | 0.70 | 94.50 | |
| 10/18/95 | GMS | Telephone call to Michelle Webb re: interrogatories (NC) Telephone conference with Webb re: interrogatory answers and Kolar letter (.3); Investigate state court scheduling matter (.3) | 0.60 | 81.00 | |
| 10/20/95 | GMS | Prep re: entry of appearance, cancellation of hearing (.3) | 0.30 | 40.50 | |
| 10/23/95 | LMB | Prepare notice of serving answers to Whitlock's interrogatories (.2) | 0.20 | 10.00 | |
| 10/24/95 | GMS | Receive letter from Kolar (NC); Letter to Kolar re: Interrogatories (.2) | 0.20 | 27.00 | |
| 10/25/95 | GMS | Telephone conference with Perry's office (NC); Telephone conference with Perry re: status of settlement (.2) | 0.20 | 27.00 | |
| 10/27/95 | GMS | Receive and review Request by Fowler re: Case Management Conference (.1); Telephone conference with Kolar re: settlement possibilities and Motion for Summary Judgment (.3) | 0.40 | 54.00 | |
| 10/30/95 | GMS | Receive and review Kolar letter objecting to contractor's final affidavit and conference with HAS (.3) | 0.30 | 40.50 | |
| 10/30/95 | HAS | Review correspondence to and from Eric Kolar re: settlement offer (.3); review proceedings in state court Whitlock action before hearing on Nov. 1 (.6) | 0.90 | 180.00 | |
| 10/31/95 | GMS | Review Kolar case management report and letter to judge in state action (.2); Review correspondence from Bergwerk and Perry (.3); Telephone conference with Bergwerk (.3); Telephone Conference with Kolar re: settlement possibility (.5); Conference with HAS re: status (.2) | 1.50 | 202.50 | A |
| 11/01/95 | HAS | Telephone conference w/GMS & Rodney Gaddy (.2); meeting w/GMS re: options to summary judgment (.3) | 0.50 | 100.00 | |

| Date | Atty | Description | Hours | Amount | |
|---|---|---|---|---|---|
| 11/01/95 | GMS | Review Kolar case law re: mechanic's lien law in bankruptcy (.8); telephone conference w/Gaddy and HAS (.2); receive and review Whitlock notice of filing (.2); conference w/HAS re: Kolar and Bergwerk positions, Motion for Summary Judgment (.3) | 1.50 | 202.50 | |
| 11/02/95 | GMS | Telephone call w/Michelle Webb re: Kolar requests | 0.10 | 13.50 | |
| 11/07/95 | GMS | Telephone call w/Kolar re: cross claim responses (.2); telephone call w/Webb re: Kolar requests (.2) | 0.40 | 54.00 | |
| 11/08/95 | GMS | Letter to Kolar re: interrogatory supplement and Motion for Summary Judgment (.3); prep and draft answer and affirmative defenses to crossclaim (1.7); revise letter to Kolar (.4) | 2.40 | 324.00 | |
| 11/09/95 | HAS | Revise responses to crossclaim | 0.40 | 80.00 | |
| 11/09/95 | GMS | Receive and review Kolar letter and telephone call to Kolar in response | 0.20 | 27.00 | |
| 11/10/95 | GMS | Telephone conference w/Kolar re: answer and amended crossclaim (.3); telephone call w/Michelle Webb re: Kolar issues (.1) | 0.40 | 54.00 | |
| 11/13/95 | GMS | Letter from Webb re: Buffalo Tank contract (.1); receive and review drafts from Gaddy (.2); receive and review Kolar letter and proposed amended crossclaim (.7); review complete Buffalo Tank contract (initial) (.3) | 1.30 | 175.50 | |
| 11/14/95 | GMS | Review general conditions to contract and contract between Buffalo Tank and Whitlock (.4); prep re: production of complete contract to Kolar (.2); conference w/HaS re: stipulation on amended crossclaim (.2); telephone conference w/Kolar re: strategy, stipulations and Motion for Summary Judgment (.6); research re: lien law in bankruptcy proceedings (1.4) | 2.80 | 378.00 | |
| 11/15/95 | GMS | Continue research re: Motion for Summary Judgment issues under 713 and bankruptcy code (1.8); review Bergwerk correspondence re: stipulation and payments to A & A and TriState (.5); telephone call to Bergwerk (.1); telephone calls w/Bergwerk and Kolar re: status (.7) | 3.10 | 418.50 | |
| 11/16/95 | HAS | Meeting w/GMS re: Whitlock cross claim | 0.30 | 60.00 | A |
| 11/16/95 | GMS | Draft answer and affirmative defenses to amended crossclaim (1.2); prep and draft re: Motion for Summary Judgment (1.1) | 2.30 | 310.50 | A |
| 11/17/95 | GMS | Receive letter from Bergwerk w/AAA estoppel letter (.2); continued prep re: Motion for Summary Judgment (1.0) | 1.20 | 162.00 | |
| 11/18/95 | GMS | Review amended complaint and exhibits thereto (.5); draft & revise Motion for Summary Judgment (.6) | 1.10 | 148.50 | A |
| 11/20/95 | GMS | Prepare Motion for Summary Judgment | 0.40 | 54.00 | A |
| 11/25/95 | GMS | Continue drafting and revisions to Motion for Summary Judgment | 3.10 | 418.50 | A |
| 11/27/95 | GMS | Final revisions to Motion for Summary Judgment (.7); conference w/HAS re: claim for fees (.2); letter to Gaddy re: Motion for Summary Judgment and status (.4); telephone call w/Perry re: answers to amended crossclaim (.3); revisions to answer (.3) | 1.90 | 256.50 | A |
| 11/28/95 | GMS | Prep re: telephonic hearing and draft motion | 0.80 | 108.00 | |

| | | | | |
|---|---|---|---|---|
| 12/01/95 | GMS | Receive and review verified motion (.2); telephone call w/Gaddy (.2); prep filing of motion (.2) | 0.60 | 81.00 |
| 12/04/95 | GMS | Receipt and initial review of Whitlock Motion for Summary Judgment | 0.20 | 27.00 |
| 12/05/95 | GMS | Receive and review order rescheduling hearing on motion to set trial (.1); review Whitlock Motion for Summary Judgment and prep re: response (1.2) | 1.30 | 175.50 A |
| 12/06/95 | GMS | Prepare response to Whitlock Motion for Summary Judgment | 1.60 | 216.00 A |
| 12/07/95 | GMS | Receive and review Whitlock affidavit and attachments | 0.40 | 54.00 A |
| 12/11/95 | GMS | Receive and review notices of hearing re: Motion for Summary Judgment motions and review re: proper motions (.2); review Whitlock affidavit of costs (.3) | 0.50 | 67.50 A |
| 12/12/95 | GMS | Draft memo in opposition to Whitlock Motion for Summary Judgment (1.6); prep re: obtaining docs from Perry for A & A and Whitlock | 1.80 | 243.00 A |
| 12/13/95 | GMS | Prepare memo in opposition to Whitlock Motion for Summary Judgment | 0.90 | 121.50 A |
| 12/14/95 | GMS | Revise and draft memo in opposition to Whitlock Motion for Summary Judgment | 2.60 | 351.00 A |
| 12/18/95 | GMS | Review fees affidavit and conference w/HAS (.2) l prep re: hearing on notice for summary judgment (.4) | 0.60 | 81.00 |
| 12/20/95 | GMS | Receipt and initial review of Trustee's Motion for Summary Judgment (.5); telephone call w/Perry's office re: Motion for Summary Judgment (.2); telephone call w/Perry re: hearing on Motion for Summary Judgment (.2) | 0.90 | 121.50 |
| 12/28/95 | GMS | Receive and review notice of filing attys fees affidavit and notice of hearing re: Motion for Summary Judgments (.2); prep re: payments to A & A and TriState (.2) | 0.40 | 54.00 |
| 12/29/95 | GMS | Review docs from A & A and TriState re: payoffs and releases | 0.30 | 40.50 |
| 01/02/96 | GMS | Prep for hearing on motion to set for trial | 0.90 | 121.50 A |
| 01/03/96 | GMS | Attend telephonic hearing on motion to set for trial (.3); telephone call w/Rodney Gaddy re: hearing (.2); prep re: hearing issues (.2) | 0.70 | 94.50 A |
| 01/04/96 | GMS | Telephone call w/Kolar re: releases to A & A and TriState (.2); prepare releases (1.3); letters to counsel for A & A and TriState (.3) | 1.80 | 243.00 |
| 01/05/96 | GMS | Prep for hearing in Jan. on Motion for Summary Judgment and discussion with Henry Stein (.3); telephone call w/Pat Fowler re: releases (.2); review re: releases, status (.2) | 0.70 | 94.50 A |
| 01/08/96 | GMS | Receive and review order scheduling trial (.1); prep re: hearing in Jax (.2) | 0.30 | 40.50 |
| 01/10/96 | GMS | Review of Whitlock Motion for Summary Judgment and FPC response in prep for hearing and discussion w/Henry Stein (.7); continued notes re: pending Motion for Summary Judgments in prep for hearing (1.8); travel to Jacksonville (3.0—NO CHARGE) (1.8 (3.0—NO CHARGE) | 2.50 | 337.50 A |
| 01/11/96 | GMS | Prep for hearing, prepare argument and notes (1.3); attend hearing (2.4); conference w/Bergwerk, Perry, Kolar and Heekin re: settlement | 4.30 | 580.50 A |

| | | | | |
|---|---|---|---|---|
| | | possibilities (.4); telephone call w/Webb re: hearing (.2); travel to Tampa (2.8—NO CHARGE) | | |
| 01/12/96 | GMS | Receive and review Kolar proposed order (.3); telephone call w/Kolar re: revisions (.3); fax revisions to Kolar (.3); conference w/HAS re: hearing and proposed order (.2); further revisions to order (.3) | 1.40 | 189.00 A |
| 01/16/96 | GMS | Telephone call w/Rodney Gaddy re: status (.1); revise cover letter and stipulation (.7); telephone call w/Kolar re: proposed order and status of stipulation (.5) | 1.30 | 175.50 |
| 01/17/96 | GMS | Telephone call w/Kolar re: proposed order (.3); receive and review Kolar letter re: supplemental answers to interrogatories and prep (.2); conference w/Gaddy re: letter to Kolar and Perry and stipulation (.3); revise Perry/Kolar letter (.3) | 1.10 | 148.50 A |
| 01/18/96 | GMS | Rec message re: Perry approval of stip and prep re: Perry and Kolar execution (.2); prep re: interrogatory responses requested by Kolar and discussion w/Henry Stein (.8) | 1.00 | 135.00 A |
| 01/23/96 | GMS | Receive and review final proposed order (.2); telephone call w/Robert Perry re: settlement (.2); telephone call to Kolar re: stipulation (.1); telephone call w/Kolar re: stipulation issues and settlement (.5); receive and review Perry proposed order on dismissal of A & A and TriState (.1); receive and review Kolar letter re: settlement w/Trustee (.3); second telephone call w/Perry re: Kolar telephone call (.3); telephone call w/Gaddy's office re: check (.1) | 1.80 | 243.00 A |
| 01/25/96 | GMS | Telephone call w/Gaddy re: $14K and settlement issue (.2); status telephone call w/Michelle Webb (.2); review of Kolar/Perry correspondence (.3) | 0.70 | 94.50 |
| 01/26/96 | GMS | Receive and review stipulation executed by Perry (.1); receive and review Kolar letter re: witnesses and Kolar letter re: rejection of stipulation and Kolar letter to Perry re: offer (.2) | 0.30 | 40.50 A |
| 01/29/96 | GMS | Receive and review Perry letter re: consent order and prep re: response (.2); telephone call w/Kolar re: check (.1); telephone call w/Gaddy's office re: check (.1); telephone call w/Kolar re: witnesses (.1) | 0.50 | 67.50 A |
| 01/31/96 | GMS | Telephone call w/Rodney Gaddy's office re: $14K check and witness issues | 0.20 | 27.00 |
| 02/01/96 | GMS | Telephone call w/Kolar's office re: stipulation (.1); telephone call w/Kolar re: witnesses and stipulation (.2) | 0.30 | 40.50 |
| 02/02/96 | GMS | Telephone call w/Rodney Gaddy re: potential stipulation (.1); telephone call w/Perry re: settlement (.2); telephone call w/Kolar re: witnesses (.1) | 0.40 | 54.00 |
| 02/04/96 | GMS | Prep and revise status memo re: litigation status in prep for settlement session | 1.00 | 135.00 |
| 02/05/96 | GMS | Revisions to status memo | 0.20 | 27.00 |
| 02/06/96 | GMS | Receive and review Kolar stipulation and notes (.4); telephone call w/Kolar re: stipulation (.2); compare stipulation to original FPC version (.7); telephone call w/Perry re: stipulation (.4); revise status memo re: stipulation (.4); telephone call w/Kolar re: Schidler interview (.2) | 2.30 | 310.50 A |

| Date | Atty | Description | Hours | Amount | |
|------|------|-------------|-------|--------|---|
| 02/07/96 | GMS | Prep and drafting re: response to Whitlock request for production (1.0); prep and drafting re: response to Whitlock request for admissions (1.4) | 2.40 | 324.00 | |
| 02/09/96 | GMS | Receive and review Kolar letter re: stipulation and attachments (.2); telephone call to Kolar's office (.1); telephone call w/Kolar re: stipulation, Perry revisions and depos (.2) | 0.50 | 67.50 | |
| 02/13/96 | GMS | Telephone call w/Kate in Rodney Gaddy's office re: Schidler interview (.2); telephone call w/Rodney Gaddy re: Schidler interview and status of claims (.2) | 0.40 | 54.00 | |
| 02/14/96 | GMS | Prep re: Schidler deposition/interview, review complaint | 0.30 | 40.50 | A |
| 02/15/96 | GMS | Telephone call w/Gaddy's office (.1); telephone call w/Schiedler re: Kolar interview (.3); attend telephonic interview of Schidler (.5); telephone call to Perry re: stip (.1); telephone call w/Perry re: stipulation revisions (.2) | 1.20 | 162.00 | |
| 02/16/96 | GMS | Telephone conference w/Kolar and Perry re: stipulation | 0.40 | 54.00 | |
| 02/16/96 | HAS | Review stips and counterstipos; meeting w/GMS re: strategy for closing | 1.10 | 220.00 | |
| 02/19/96 | GMS | Telephone conference w/Kolar re: stip (.3); receive and review Perry version of stip and notes re: revisions (1.0) | 1.30 | 175.50 | |
| 02/20/96 | GMS | Telephone conference w/Kolar re: changes to stipulation (.3); revisions in light of Kolar call (.3) | 0.60 | 81.00 | |
| 02/21/96 | GMS | Telephone call w/Kolar re: stipulation and Heekin review | 0.20 | 27.00 | |
| 02/22/96 | GMS | Return Kolar call | 0.10 | 13.50 | |
| 02/23/96 | GMS | Telephone conference w/Kolar re: stipulation and interviews of FPC witnesses (.4); second conference w/Kolar re: rejection of stip and discovery (.3) | 0.70 | 94.50 | A |
| 02/25/96 | GMS | Prep re: production of docs to Whitlock, review response to request (1.0); review Schidler inspection report (.4) | 1.40 | 189.00 | |
| 02/26/96 | GMS | Telephone call w/Rodney Gaddy re: production (.3); telephone call w/Kolar re: status of discovery and trial (.2); review Motion for Summary Judgments and answer re: claims raised for trial and case law (.4); draft amended answer and counterclaim (.8); draft motion for leave to amend (.4) | 2.10 | 283.50 | |
| 02/27/96 | GMS | Telephone call w/Rodney Gaddy re: discovery and issues at trial (.3); telephone call w/Kolar re: testimony stipulation (.3); prep for trial re: issues (.3); revise motion for leave to amend and counterclaim (.8) | 1.70 | 229.50 | |
| 02/28/96 | GMS | Telephone call w/Kolar re: amendment and remaining claims | 0.20 | 27.00 | |
| 02/29/96 | GMS | Prep re: attorney's fee affidavits (.3); receive and review Kolar stipulation and notes (.3); telephone call w/Dingles office re: teleconference (.1); draft responsive stipulation (.3); fax letters to Gaddy and Kolar (.1); receive and review Kolar motion to strike Trustee's admissions (.1); telephone confer- | 1.70 | 229.50 | A |

ence w/Gaddy re: trial (.2); telephone conference w/Dingle re: background (.2); telephone call w/Kolar re: stip (.1)

Total Professional Services $20118.50

### Recapitulation

| | | | | |
|---|---|---|---|---|
| At 200.00 per hour | HAS worked | 30.00 | Hours for | $ 3,940.00 |
| 135.00 | PJT | 1.80 | | 0.00 |
| 135.00 | GMS | 118.30 | | 15,970.50 |
| 180.00 | VHC | 1.10 | | 198.00 |
| 50.00 | LMB | 0.20 | | 10.00 |
| For Professional Services | | 151.40 | Hours | $20,118.50 |
| For Disbursements Incurred | | | | 1,612.18 |
| | | | Total | $21,730.68 |

IRS # 59–3152214

May 21, 1996

Florida Power Corp.
3201 34th Street So.
P.O. Box 14042
St. Petersburg, FL 33733

Billing Period: 04/01/96–04/30/96
TRANSACTION DETAIL

Matter: 010162 Prod: HAS
FL Power Re: Buffalo Tank
Re: American Fabricators, Inc.
Client: 20016
Florida Power Corp.

For Disbursements Incurred:

| | | |
|---|---|---|
| 02/29/96 | 31—Pages/Fax charges for billing period | $15.50 |
| 02/29/96 | Long Distance telephone charges—February | 12.82 |
| 03/26/96 | Westlaw research | 71.67 |
| 03/31/96 | 18—Pages/Fax charges for billing period | 9.00 |
| 03/31/96 | Westlaw research charges in February | 54.02 |
| 03/31/96 | Long Distance telephone charges for the billing period | 38.63 |
| 04/02/96 | Check # 2584 to Statewide Reporting Service; disbursement for: transcript of motion hearing | 42.48 **A** |
| | Total Disbursements Incurred | $244.04 |

For Professional Services Rendered:

| | | | | |
|---|---|---|---|---|
| 02/29/96 | GMS | Prep re: attorney's fee affidavits (.3); receive and review Kolar stipulation and notes (.3); telephone call w/Dingles office re: teleconference (.1); draft responsive stipulation (.3); fax letters to Gaddy and Kolar (.1); receive and review Kolar motion to strike Trustee's admissions (.1); telephone conference w/Gaddy re: trial (.2); telephone conference w/Dingle re: background (.2); telephone call w/Kolar re: stip (.1) | 1.70 | $229.50 |

| Date | Atty | Description | Hours | Amount | |
|---|---|---|---|---|---|
| 03/01/96 | GMS | Telephone call w/Gaddy's office re: scheduling for trial (.2); prep for trial re: stipulations and factual issues, testimony (1.9); telephone call w/Kolar (.2) | 2.30 | 310.50 | |
| 03/03/96 | GMS | Review case law relevant to attys fee and breach of contract issues (1.2); review contract re: breaches and notes (.9); prep notes for trial re: fees and breach issues (.9); review attys fees detail in prep for argument (.8) | 3.80 | 513.00 | |
| 03/04/96 | GMS | Telephone calls w/Kolar re: stipulation and matters at trial (.3); conference w/HAS re: arguments at trial (.2); revise stipulation (.3); prep re: attys fee affidavits, revisions (.4) | 1.20 | 162.00 | |
| 03/05/96 | GMS | Receive and review Trustee's interrogatories answers (.3); prep case law, direct exam, notes for opening and closing for trial (2.8); receive and review Whitlock trial brief (.4); review applicable provisions of 713 (.4); review pending motions (.3) | 4.20 | 567.00 | **A** |
| 03/06/96 | GMS | Prep for trial (.3); travel to Jax (NO CHARGE); conference w/Gaddy and Bailey re: trial strategy (.5); attend trial (5.0); travel to St. Pete (NO CHARGE); conference w/HAS re: trial and prep re: filings with court (.3) | 6.10 | 823.50 | |
| 03/07/96 | GMS | Telephone call w/court re: hearing time on motion to amend | 0.20 | 27.00 | **A** |
| 03/08/96 | GMS | Telephone call w/Kolar re: post trial considerations | 0.40 | 54.00 | |
| 03/11/96 | GMS | Receive and review proposed order on motion to strike admissions | 0.20 | 27.00 | |
| 03/18/96 | GMS | Receive and review order striking Trustee's responses to admissions | 0.10 | 13.50 | |
| 03/21/96 | GMS | Conference w/Bailey re: memoranda prep for Judge Proctor and prep re: memoranda | 0.40 | 54.00 | |
| 03/24/96 | GMS | Draft re: trial brief in light of court rulings, initial draft with preliminary revisions | 2.30 | 310.50 | |
| 03/25/96 | GMS | Draft of trial brief and revisions (2.1); telephone calls w/Kolar re: exhibits and claims at trial, briefing strategy (.5) | 2.60 | 351.00 | |
| 03/26/96 | GMS | Complete drafting and revisions to trial brief (3.5); telephone calls w/Kolar re: expert and exhibits (.3); research re: standard for attys fees as contract damages and failure to file contractor's affidavit (.9) | 4.70 | 634.50 | |
| 03/27/96 | GMS | Receive and review Kolar exhibit list (.2); revise trial brief (.4); draft findings of fact and conclusions of law (1.7) | 2.30 | 310.50 | |
| 04/01/96 | GMS | Telephone conference w/Kolar re: trial brief and findings of fact for court (.4); prep re: findings of fact and conclusions of law (.8) | 1.20 | 162.00 | |
| 04/02/96 | GMS | Revisions to trial brief (.8); draft supplemental affidavit re: attorney's fees (.6); draft notices of filing (.3); draft findings of fact and conclusions of law (.8) | 2.50 | 337.50 | |
| 04/03/96 | GMS | Telephone call w/Kolar re: attorney's fee updates (.4); draft trial brief (.8) | 1.20 | 162.00 | |
| 04/04/96 | GMS | Continued drafting and revisions re: trial brief, findings of fact and conclusions of law, and affidavits | 1.90 | 256.50 | |
| 04/05/96 | GMS | Final drafting and revisions to trial brief, notice of filing affidavit, Schaaf affidavit, notice of filing findings, findings of fact and conclusions of law, notice of filing judgment, judgment and attachments to all (2.8); telephone call w/Kolar re: judgment (.3); receive and review Kolar judgment (.2) | 3.30 | 445.50 | **A** |

| 04/10/96 | GMS | Telephone call w/Bankruptcy clerk re: affidavits (.2); receive and review Trustee's brief and findings of fact (.8); review case law cited in Trustee's brief (.7); review of Whitlock brief (partial); research re: attys fee issue in light of Trustee's case authority (.7) | 2.40 | 324.00 |
| 04/12/96 | GMS | Receive and review Whitlock post trial brief and findings of fact (1.4); review case law from Trustee's brief re: effect of admissions (1.3) | 2.70 | 364.50 **A** |
| 04/15/96 | GMS | Telephone call w/Bailey re: post trial brief and possible response | 0.10 | 13.50 |

Total Professional Services $6453.00

## Recapitulation

At 135.00 per hour GMS worked 47.80 Hours for $ 6,453.00

For Professional Services 47.80 Hours $ 6,453.00
For Disbursements Incurred 244.04

Total $ 6,697.04

IRS # 59–3152214